Steven Gerber, Esq. (SG 5881)
ADORNO & YOSS LLP
80 Broad Street, 32nd Floor
New York, NY 10004
(212) 809-5700
*Our File No. 300503.0001*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EMPRESA GENERADORA DE
ELECTRICIDAD ITABO, S.A. ("ITABO"),          Civil Action No. 05-cv-5004 (RMB)

    Plaintiff,

    vs.                                         ANSWER AND DEFENDANT'S
                                                AFFIRMATIVE DEFENSES
CORPORACION DOMINICANA DE
EMPRESAS ELECTRICAS ESTATALES
("CDEEE"),

    Defendant.                                  DOCUMENT FILED ELECTRONICALLY

---

Defendant Corporacion Dominicana de Empresas Electricas Estatales ("CDEEE"), by way of answer to plaintiff Empresa Generadora de Electricidad ITABO, S.A.'s ("ITABO") Complaint, states as follows:

## PARTIES

1.    Defendant admits the allegations contained in paragraph 1 of the Complaint.

2.    Defendant admits the allegations contained in paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3.    The defendant denies the allegations contained in paragraph 3 of the Complaint.

4.    The defendant denies the allegations contained in paragraph 4 of the Complaint.

5.    The defendant denies the allegations contained in paragraph 5 of the Complaint.

## SUMMARY OF THIS ACTION

6. The defendant denies that pursuant to the parties' agreement, the matter in dispute is subject to arbitration but admits the balance of the allegations contained in paragraph 6 of the Complaint.

7. The defendant denies the allegations contained in paragraph 7 of the Complaint.

8. The defendant denies that plaintiff is entitled to the relief sought as set forth in paragraph 8 of the Complaint.

## FACTUAL BACKGROUND

9. The defendant admits the allegations contained in paragraph 9 of the Complaint.

10. Based on information and belief, the defendant admits the allegations contained in paragraph 10 of the Complaint.

11. The defendant admits the allegations contained in paragraph 11 of the Complaint.

12. Based on information and belief, the defendant admits the allegations contained in paragraph 12 of the Complaint.

13. The defendant denies that CDEEE was kept fully apprised of the efforts related to the rehabilitation project but admits the balance of the allegations contained in paragraph 13 of the Complaint.

14. The defendant admits the allegations contained in paragraph 14 of the Complaint.

### The New York Arbitration

15. The defendant denies the allegations contained in paragraph 15 of the Complaint.

16. The defendant expressly denies that plaintiff is entitled to commence arbitration against CDEEE pursuant to the referenced clauses but admits the balance of the allegations contained in paragraph 16 of the Complaint.

17. The defendant admits the allegations contained in paragraph 17 of the Complaint but affirmatively states that it is contests that the matter in dispute is subject to arbitration.

### The First Chamber Dominican Action

18. The defendant admits the allegations contained in paragraph 18 of the Complaint.

19. The defendant admits only that it is seeking an accounting and certain sanctions in the event plaintiff fails to provide an accounting and denies the balance of the allegations contained in paragraph 19 of the Complaint.

20. The defendant admits that plaintiff has refused to participate in litigation maintaining that the dispute should be arbitrated for the reasons set forth in paragraph 20 of the Complaint but denies that there are grounds for plaintiff's refusal to participate in the litigation.

21. The defendant admits the allegations contained in the first sentence of paragraph 21 of the Complaint and denies the balance of allegations contained in paragraph 21 of the Complaint.

### The Fifth Chamber Dominican Action

22. The defendant admits the allegations contained in paragraph 22 of the Complaint.

23. Defendant admits only the existence of Filing No. 422/2004, refers the Court to Filing No. 422/2004 for the exact terms thereof, and denies the balance of the allegations contained in paragraph 23 of the Complaint.

24. The defendant admits only that plaintiff has made the argument set forth in paragraph 24 of the Complaint. The defendant affirmatively states that there is no merit to the arguments as set forth in paragraph 24 of the Complaint.

25. The defendant admits the allegations contained in paragraph 25 of the Complaint.

26. The defendant admits the allegations contained in paragraph 26 of the Complaint.

27. The defendant denies the allegations contained in paragraph 27 of the Complaint.

28. The defendant denies the allegations contained in paragraph 28 of the Complaint.

29. The defendant denies the allegations contained in paragraph 29 of the Complaint.

30. The defendant admits only that CDEEE has no assets existing outside the Dominican Republic. The allegations related to FONPER do not relate to defendant and therefore defendant neither admits nor denies those allegations. Defendant denies the balance of the allegations contained in paragraph 30 of the Complaint.

## FIRST CLAIM FOR RELIEF

### (Injunction in Aid of Arbitration)

31. The defendant repeats and incorporates each and every response set forth in paragraphs 1 through 30 as if set forth at length herein.

32. The defendant denies the allegations contained in paragraph 32 of the Complaint.

33. The defendant admits the allegations contained in paragraph 33 of the Complaint.

34. The defendant denies the allegations contained in paragraph 34 of the Complaint.

35. The defendant admits only the existence of Article 23(s) of the Rules of the Arbitration of the International Chamber of Commerce and refers the Court to the Rules for the legal effect, construction and interpretation of those Rules.

36. The defendant denies the allegations contained in paragraph 36 of the Complaint.

37. The defendant denies the allegations contained in paragraph 37 of the Complaint.

38. The defendant denies the allegations contained in paragraph 38 of the Complaint.

## SECOND CLAIM FOR RELIEF

### (Declaratory Judgment)

39. The defendant repeats and incorporates each and every response set forth in paragraphs 1 through 38 above as if set forth at length herein.

40. The defendant denies the allegations contained in paragraph 40 of the Complaint.

41. The defendant denies the allegations contained in paragraph 41 of the Complaint.

42. The defendant denies the allegations contained in paragraph 42 of the Complaint.

### THIRD CLAIM FOR RELIEF

### (Order Compelling Arbitration)

43. The defendant repeats and incorporates each and every response set forth in paragraphs 1 through 42 above as if fully set forth at length herein.

44. The defendant denies the allegations contained in paragraph 44 of the Complaint.

45. The defendant denies the allegations contained in paragraph 45 of the Complaint.

46. The defendant denies the allegations contained in paragraph 46 of the Complaint.

**WHEREFORE** Corporacion Dominicana de Empresas Electricas Estatales demands judgment in its favor and against plaintiff, Empresa Generadora de Electricidad ITABO, S.A., dismissing plaintiff's Complaint with prejudice, together with defendant's attorney's fees and costs, and such other relief as the Court deems appropriate.

        ADORNO & YOSS LLP
        Attorneys for Defendant, Corporacion Dominicana
        de Empresas Electricas Estatales


        By /s_*Steven Gerber*_____
           Steven Gerber

DATED:     June 20, 2005

### AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint, in whole or in part, fails to state a claim against CDEE upon which relief may be granted.

2. Plaintiff's Complaint should be dismissed because the Court lacks subject matter jurisdiction.

3. Plaintiff's Complaint should be dismissed because the Court lacks personal jurisdiction over defendant.

4. Plaintiff's claims are barred by reason of comity.

5. Defendant is immune from suit in this court as it is an agency or instrumentality of the Dominican Republic as defined in the Foreign Sovereign Immunities Act, 28 U.S.C. §1602 *et seq.*

**WHEREFORE**, defendant Corporacion Dominicana de Empresas Electricas Estatales demands judgment in its favor and against plaintiff, Empresa Generadora de Electricidad ITABO, S.A., dismissing plaintiff's Complaint with prejudice, together with defendant's attorney's fees and costs, and such other relief as the court deems appropriate.

ADORNO & YOSS LLP
Attorneys for Defendant, Corporacion Dominicana de Empresas Electricas Estatales


By:/s  *Steven Gerber*
    Steven Gerber (SG 5881)

Dated: June 20, 2005

Of Counsel:
Hugo Chaviano, Esq.
Of the New York and Illinois Bars

Steven Gerber, Esq. (SG 5881)
ADORNO & YOSS LLP
80 Broad Street, 32nd Floor
New York, NY 10004
(212) 809-5700
Our File No. 300503.0001

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

EMPRESA GENERADORA DE
ELECTRICIDAD ITABO, S.A. ("ITABO"),              Civil Action No. 05-cv-5004 (RMB)

           Plaintiff,

   vs.                                                                                                        ***PROOF OF SERVICE***

CORPORACION DOMINICANA DE
EMPRESAS ELECTRICAS ESTATALES
("CDEEE"),

           Defendant.

_____

      STEVEN GERBER, a member in good standing admitted to practice before the United States District Court for the Southern District of New York, in accordance with L. Civ. R. 5.2 of the Local Civil Rules of the United States District Court for the Southern District of New York, declares as follows:

      1.    I am an attorney at law admitted to practice, inter alia, before the United States District Court for the Southern District of New York and am a member of the law firm, Adorno & Yoss, LLP, counsel for the defendant named herein.

      2.    On June 20, 2005, I caused to be filed electronically with the Clerk of Court, United States District Court, Southern District of New York, the following documents: Answer, and Affirmative Defenses and this Proof of Service.

3.      Also on June 20, 2005, I caused to be served, via ECF, the documents referenced in Paragraph 2 hereof, on plaintiff's attorney:  Grant Hanessian, Esq. Baker & McKenzie LLP, 805 Third Avenue, New York, NY 10022.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 20, 2005.

ADORNO & YOSS, LLP
Attorneys for Defendant,
Corporacion Dominicana de Empresas
Electricas Estatales


s/ Steven Gerber
Steven Gerber (SG-5881)