Grant Hanessian (GH-6582)
Susan R. Knox (SK-4110)
BAKER & McKENZIE LLP
805 Third Avenue
New York, New York 1002
Tel. (212) 751-5700
Fax (212) 759-9133

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X

Empresa Generadora de Electricidad ITABO, S.A.
("ITABO")

          - against -

Corporación Dominicana de Empresas Eléctricas
Estatales ("CDEEE") and Fondo Patrimonial de las
Empresas Reformadas / Fondo Patrimonial para el
Desarollo ("FONPER")

       Defendants.

------------------------------------------------------- X

05 Civ. 5004

**DECLARATION OF
JAVIER NAVARRO-VELASCO**

I, Javier Navarro-Velasco, declare as follows:

1.      Further to my declaration of May 25, 2005 (the "Original declaration"), I write to describe the latest developments in the ICC Arbitration. For ease of reference, terms already defined in the Original declaration will be given the same meaning in this declaration.

### Current Status of the Arbitration

2.      On June 3, 2005, ITABO sent a letter to the ICC requesting, as an urgent measure, to dismiss FONPER's challenges to the arbitration clause and the confirmation of arbitrators proposed by the parties in order for them to jointly select the Chairman of the Tribunal and be

able to entertain a request for interim relief to be filed by ITABO. A translation into English of such request is attached herein as exhibit 1.

3.     On June 8, 2005, the ICC sent a letter to the parties acknowledging receipt of ITABO request described in 2 above. A translation into English of the letter described in 2 ab above is attached herein as exhibit 2.

4.     On its session of June 10, 2005, the International Court of Arbitration of the ICC decided to (1) continue the arbitration in accordance with article 6(2) of the ICC Rules of Arbitration, (2) confirm the appointment of Mr. Claus Von Wobeser and Mr. Bernardo M. Cremades as co-arbitrators, and (3) invite the co-arbitrators to jointly select the Chairman of the tribunal. The ICC communicated the above to the parties and to the arbitrators trough a letter dated June 10, 2005. A translation into English of such letter is attached herein as exhibit 3.

5.     On June 13, 2005, Mr. Claus Von Wobeser and Mr. Bernardo M. Cremades sent a letter to the ICC indicating that they had decided to decline the invitation of the parties and the ICC to nominate the Chairman of the tribunal and therefore defer such appointment to the ICC. A translation into English of such letter is attached herein as exhibit 4.

6.     On June 15, 2005, ITABO files a motion requesting interim relief in the following terms:

a)     That CDEEE be directed to suspend and discontinue judicial proceedings initiated before the Courts of Dominican Republic.

b)     An order preventing CDEEE from claiming any monetary remedy or the attachment or repossession of assets under ITABO's control and from enforcing

any judgment whether definitive or interlocutory obtain from the Courts of Dominican Republic in regard to the above matters.

c)    To advise CDEEE that the breach of the Tribunal orders under a) and b) above will constitute a breach of the arbitration provisions that will result in CDEE obligation to [ay damages to ITABO

d)    To fix an economic penalty for ITABO in case of breach of the Tribunal's order.

A translation into English of such request is attached herein as exhibit 5.

7.    On June 16, 2005, the ICC sent a letter to the parties with copy to the arbitrators, communicating the arbitrators decision mentioned in 5 above and indicating that the appointment of the Chairman will be made in due time by the ICC. A translation into English of such letter is attached herein as exhibit 6.

8.    On June 17, 2005, ITABO sent a letter to the ICC requesting it to expedite the appointment of the Chairman of the Tribunal. A translation into English of such request is attached herein as exhibit 7.

9.    The ICC Secretariat currently awaits the nomination of a Chair by the ICC Court of Arbitration.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 27, 2005.

_____
Javier Navarro-Velasco

13708/CCO ICC Arbitration - CLAIMANT

DEMAND


Empresa Generadora de Electricidad Itabo, S.A.

(Dominican Republic)

Claimant


Vs.


Corporación Dominicana de Empresas Eléctricas

Estatales

(Dominican Republic)

Fondo Patrimonial de las Empresas Reformadas /

Fondo Patrimonial para el Desarrollo

(Dominican Republic)

Respondents


Before the International Court of Arbitration of the International Chamber

of Commerce

38, Cours Albert 1er, 75008 Paris, France



**Mr. Cristian Conejero Roos**
**Counsel,**
**Secretariat of the International Court of Arbitration**
**International Chamber of Commerce**
**38 Cours Albert 1er. 75005 Paris France.**

I, Javier L. Navarro, in my capacity as counsel for claimant, do hereby respectfully inform the International Court of Arbitration of the International Chamber of Commerce of certain acts by defendant Corporacion Dominicana de Empresas Electricas Estatales (CDEEE) which make the constitution of the Arbitral Tribunal urgent and imperative, as such acts put the feasibility of this arbitration at risk.

1. As described by claimant in its demand for arbitration, CDEEE started two judicial proceedings against Empresa Generadora de Electricidad Itabo, S.A. (Itabo) before the courts of Dominican Republic. This was expressly admitted by CDEEE in its answer to the demand for arbitration.

2. On May 12, 2005, on the occasion of an appeal filed by CDEEE against a judgment favorable to Itabo (rendered in the absence and default of Itabo) regarding the first of the judicial proceedings initiated by CDEEE against Itabo, a hearing took place before the Civil and Commercial Chamber of the Santo Domingo Court of Appeals (The Court of Appeals). At said hearing, Itabo appeared for the first time to the proceedings to invoke article II of them 1958 United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards (The New York Convention) and to request the Court to refer the arbitration agreed upon in accordance with the arbitration clauses contained in the Basic Agreements (as such term is defined in the demand for arbitration).

3. At the hearing mentioned in 2 above, the Court of Appeals ordered the parties to appear at a new hearing scheduled for May 27, 2005 in order to present

closing arguments on Itabo's petition under the New York Convention, but also ON THE MERITS OF CDEEE CLAIM.

4.  The Court of Appeals' order puts at risk the feasibility and efficacy of this arbitration. If Itabo is forced to file closing arguments on the merits of CDEEE claim before the Courts of Dominican Republic and said courts render a judgment on the merits, any award rendered in this arbitration may become unenforceable as it will face the principle of res judicata at the place where its recognition and enforceability becomes more necessary, that is, at the place of CDEEE's domicile, in the Dominican Republic. The urgency of the measure requested is even more evident in light of the fact that CDEEE's strategy is to breach the arbitration clause by bringing judicial actions against Itabo in Dominican Republic to take advantage of them.

5.  In light of the above, Itabo turned to the courts of the arbitration venue, requesting interim relief in the form of an "injunction" directing CDEEE to refrain from continuing judicial proceedings pending the conclusion of this arbitration. The corresponding motion was referred to Judge Richard M. Berman, who has summoned the parties to a hearing but has not rendered a final decision yet.

6.  Simultaneously, Itabo filed a "recurso de casacion" with the Supreme Court of Justice of Dominican Republic and an application to stay, for the purpose of preventing a hearing on the merits of CDEEE's claim, which application has not been granted yet.

7.  In addition to the foregoing, Itabo appeared before the Court of Appeals to insist on the application of article II of the New York Convention and refrained from arguing on the merits of the case. The Court of Appeals noted the default incurred by Itabo in regard to the merits of CDEEE's claim, that is, in regard to its refraining from debating the merits, the Court of appeals granted CDEEE a

LIC. ISE... TINA MA...
PERITO
TRADUCTOR
OFICIAL
del H. Tribunal
Superior de Justicia del
Estado de N.L. México, para
INGLES-ESPAÑOL,
ESPAÑOL-INGLES
Aut. 414/2005
Vigencia 31 ENERO 2006
Tel. 8134 9431

term to file a report, a term for both parties to file a reply and counter-reply and reserved the decision on the jurisdiction and competence issues and on the merits of the case, which means that a decision on the merits may be rendered at any time, risking to leave this arbitration without any substance and letting CDEEE escape the agreed-upon arbitral jurisdiction.

8. For the above-mentioned reasons, the constitution of an Arbitral Tribunal that may review and resolve the necessity of taking urgent measures to preserve the status quo and the subject matter of the arbitration becomes imperative.

9. Given the current status, we hereby request, as an urgent matter, that the secretary of the International Court of Arbitration, exercising the powers granted by article 9(2) of the Arbitration Rules, confirm, without delay, the appointment of the professionals proposed by the parties, in order for them to be in the position to choose the person who shall act as President of the Tribunal, without having to wait for said appointments to be ratified in a meeting of the Court and without waiting for a decision under article 6(2) of the Arbitration Rules required in light of the challenges of co-defendant Fondo Patrimonial de las Empresas Reformadas / Fondo Patrimonial para el Desarrollo (FONPER), taking into consideration that, even in the unlikely case the Court is not satisfied of the prima facie existence of the arbitration agreement binding FONPER, CDEEE did not object the arbitral jurisdiction, for which reason the arbitration will continue.

10. In addition, in case the request contained in the proceeding point is dismissed, we hereby request that the President or Vice-President of the Court, in accordance with article 1.3 of the Arbitration Rules, decide as an urgent matter that the arbitration agreement exists "prima facie" and appoint as arbitrators the professionals proposed by the parties for ratification by the Court, allowing them to choose the person who shall act as Chairman of the Arbitral Tribunal

LIC. ISABEL CRISTINA MATA VELÁZQUEZ
PERITO
TRADUCTOR
OFICIAL
del H. Tribunal
Superior de Justicia del
Estado de N.L. México, para
INGLES-ESPAÑOL,
ESPAÑOL-INGLES
Aut. 414/2005
Vigencia 31 ENERO 2006
Tel. 8134 9431

11. Itabo wants to point out that, in accordance with article 35 of the Arbitration Rules, The Court shares the Arbitral Tribunal's obligation to apply its best efforts to ensure the efficacy and enforceability of the award resulting from this arbitration. For this reason, we respectfully request the measures above requested be taken to prevent that a judgment rendered by the Courts of Dominican Republic regarding the subject matter of this arbitration may render any award resulting from this arbitration inefficient and unenforceable in the Dominican Republic, the place of location of the Defendants' assets.

Having no further matters to discuss and thanking your attentions, I remain at your service in case of any further comments or queries regarding the contents of this letter.

In the city of Monterrey, N.L., Mexico on the 2nd day of June 2005.


_____[signature]_____
Empresa Generadora de Electricidad Itabo, S.A.
Through Javier L. Navarro Velasco



c.c. Dr. Julio Cury
      Mr. Jottin Cury Jr.
      Sr. Silvio Coiscou
      Dr. Gabriel Feliz Mendez
      Mr. Luis Mosquete Pelletier



Arbitraje CCI:  13708/CCO - DEMANDANTE

DEMANDA

Empresa Generadora de Electricidad Itabo, S.A.
(República Dominicana)

Demandante

Vs.

Corporación Dominicana de Empresas Eléctricas
Estatales
(República Dominicana)
Fondo Patrimonial de las Empresas Reformadas /
Fondo Patrimonial para el Desarrollo
(República Dominicana)
Demandadas

Ante la Corte Internacional de Arbitraje de la Cámara de Comercio
Internacional
38, Cours Albert 1er,  75008 Paris, Francia





Sr. Cristian Conejero Roos
Consejero,
Secretaria de la Corte Internacional de Arbitraje
Cámara de Comercio Internacional.
38, Cours Albert 1er, 75008 París, Francia

Javier L. Navarro Velasco, en mi carácter de abogado de la parte demandante, por este medio, con el debido respeto vengo a hacer del conocimiento de la Corte Internacional de Arbitraje de la Cámara de Comercio Internacional hechos y acciones de la demandada Corporación Dominicana de Empresas Eléctricas Estatales (CDEEE) que hace apremiante e imperativa la pronta integración del Tribunal Arbitral dado que dichos actos ponen en peligro la viabilidad del arbitraje.

1. Como lo describió mi representada en su solicitud de arbitraje, CDEEE inicio dos procedimientos judiciales en contra de Empresa Generadora de Electricidad Itabo. S.A. (Itabo) ante los tribunales de República Dominicana. Lo anterior fue admitido en forma expresa por CDEEE en su contestación a la solicitud de arbitraje.

2. El día 12 de mayo de 2005, con motivo de un procedimiento de apelación iniciado por CDEEE en contra de una sentencia absolutoria (dictada en rebeldía y defecto de Itabo) relacionada con el primero de los procedimientos judiciales iniciados por CDEEE en contra de Itabo, se llevó a cabo una audiencia ante la Cámara Civil y Comercial de la Corte de Apelación de Santo Domingo (Corte de Apelación). En dicha audiencia, Itabo compareció por primera vez al mencionado procedimiento e invocó el artículo II de la Convención de Naciones Unidas sobre el Reconocimiento y Ejecución de Sentencias Arbitrales Extranjeras de Nueva York de 1958 (la Convención de Nueva York) solicitando a la Corte que remitiera a las partes al arbitraje pactado de conformidad con las cláusulas compromisorias contenidas en los Contratos Básicos (según se define dicho término en la solicitud de arbitraje).



83991399

Case 1:05-cv-05004-PAC   Document 13-2   Filed 06/27/2005   Page 8 of 10

3. En la audiencia mencionada en el punto anterior, la Corte de Apelación ordenó a las partes comparecer a una nueva audiencia programada para el día 27 de mayo de 2005 con el objeto de presentar alegatos y conclusiones sobre la solicitud de Itabo en términos de la Convención de Nueva York, pero también SOBRE EL FONDO DE LA DEMANDA DE CDEEE.

4. La orden de la Corte de Apelación pone en evidente peligro la viabilidad y eficacia del presente arbitraje. En efecto, si Itabo se ve forzada a presentar alegatos y conclusiones respecto de la sustancia y méritos de la demanda de CDEEE ante los tribunales judiciales de República Dominicana y estos emiten sentencia sobre dicha materia, el laudo que se dictare en el presente arbitraje podría llegar a ser inejecutable, pues se enfrentaría a la institución de cosa juzgada en el lugar donde su reconocimiento y ejecución se hace mas necesaria, es decir en el lugar del domicilio de CDEEE, dentro de la República Dominicana. La urgencia de la medida es mas clara aún, al ver que la estrategia de CDEEE es violar la cláusula compromisoria iniciando acciones judiciales en contra de Itabo en la República Dominicana para prevalecerse de ellas.

5. En atención a lo anterior, Itabo recurrió a los tribunales judiciales del lugar del arbitraje con el objeto de obtener una medida precautoria en forma de "injunction" que ordenara a CDEEE abstenerse de continuar con dichas actuaciones judiciales en tanto se resuelve el arbitraje que nos ocupa. La solicitud correspondiente fue turnada al Juez Richard M. Berman, quien a la fecha ha convocado a las partes a una audiencia pero no ha dictado resolución definitiva.

6. En forma simultánea Itabo interpuso un recurso de casación ante la Suprema Corte de Justicia de República Dominicana y una solicitud de suspensión con el objeto de evitar una audiencia sobre el fondo del asunto debatido con CDEEE, declaratoria de suspensión que no se ha otorgado a la fecha.



7. En adición a lo anterior, Itabo compareció ante la Corte de Apelación a insistir en la aplicación del artículo II de la Convención de Nueva Cork y se abstuvo de alegar sobre la sustancia y méritos del caso. La Corte de Apelación tomó nota del defecto incurrido por Itabo en relación al fondo de la demanda de CDEEE, esto es, en relación a la abstención o rebeldía en debatir dichas materias, otorgó plazo a CDEEE para la presentación de un Informe Justificativo y plazo a ambas partes para la presentación de réplica y contra-réplica y se reservó la decisión de la cuestión de competencia y del fondo en sentencia definitiva, lo que implica que puede resolver el fondo de las litis planteada por CDEEE en cualquier momento, arriesgando así dejar sin materia el arbitraje que nos ocupa y permitiendo a CDEEE escapar a la jurisdicción arbitral pactada.

8. Por lo anterior, la integración de un Tribunal Arbitral que pueda analizar y resolver la necesidad de tomar medidas urgentes para preservar el estado de cosas y la materia del arbitraje se hace imperiosa.

9. Así las cosas, solicitamos con el carácter de urgente que la Secretaría de la Corte Internacional de Arbitraje, en ejercicio de la facultad que le confiere el artículo 9 (2) del Reglamento de Arbitraje, confirme sin mayor demora a los profesionales propuestos por las partes para que estén en posibilidad seleccionar a la persona que actúe como Presidente del Tribunal, sin tener que esperar que dichos nombramientos sean ratificados en Sesión de la Corte y sin esperar la decisión que conforme al artículo 6(2) del Reglamento de Arbitraje se requiere en atención a las objeciones de la diversa demanda Fondo Patrimonial de las Empresas Reformadas / Fondo Patrimonial para el Desarrollo (FONPER) habida cuenta de que aun en el improbable caso de que la Corte no esté satisfecha prima facie de la existencia del acuerdo de arbitraje que vincule a FONPER, CDEEE no objetó la jurisdicción arbitral por lo que el arbitraje continuará.



4

10. Adicionalmente, para el caso de que la solicitud contenida en el punto anterior sea desechada, solicitamos del Presidente o Vicepresidente de la Corte que, con fundamento en el artículo 1.3. del Reglamento de Arbitraje, decida con carácter de urgente que el acuerdo de arbitraje existe "prima facie" y nombre árbitros a los profesionistas propuestos por las partes para ratificación de la Corte, permitiendo así que estos últimos seleccionen a quien deba fungir como Presidente del tribunal Arbitral.

11. Itabo no deja de observar que conforme a lo dispuesto por el artículo 35 del Reglamento de Arbitraje la Corte comparte la obligación del tribunal Arbitral de esforzarse por asegurar la eficacia y ejecutabilidad del laudo que resulte del presente arbitraje, por lo que en forma respetuosa solicitamos se tomen las medidas solicitadas a efecto de evitar que una sentencia de los Tribunales de República Dominicana sobre la materia del presente arbitraje hagan al laudo que resulte ineficaz e inejecutable en República Dominicana, lugar de ubicación de los activos de las demandadas.

Sin otro particular por el momento y agradeciendo sus atenciones, me reitero a sus órdenes en caso de que tenga cualquier comentario o pregunta respecto del contenido de la presente.

En la ciudad de Monterrey, NL., México a los 2 días de junio de 2005.

Empresa Generadora de Electricidad Itabo, S.A
Por conducto de Javier L. Navarro Velasco

c.c.    Dr. Julio Cury
        Lic. Jottin Cury hijo
        Silvio Coiscou
        Dr. Gabriel Feliz Méndez
        Lic. Luis Mosquete Pelletier

5

**ICC**
International Chamber of Commerce
*The World Business Organization*

**International Court of Arbitration • Cours Internationale d'arbitrage**

June 8, 2005 / JRF
13708/CCO - EMPRESA GENERADORA DE ELECTRICIDAD ITABO, S.A. (Dominican Republic)
VS. 1. CORPORACION DOMINICANA DE EMPRESAS ELECTRICAS ESTATALES (Dominican
Republic) 2. FONDO PATRIMONIAL DE LAS EMPRESAS REFORMADAS / FONDO
PATRIMONIAL PARA EL DESARROLLO (Dominican Republic).
-----------------------------------------------------------------------------------------------------------------------------

Messrs. Javier L. Navarro Velasco, Brian Casey,
Juan Ygnacio Reyes Retana and Hugo Gonzalez Peña
Baker & McKenzie Abogados, SC
Oficinas en el Parque, Torre 1 – piso 10
Blvd. Antonio L. Rodriguez 1884 Pte.
Col. Santa Maria
64650 Monterrey, Nuevo Leon
Mexico

*Via Fax No. 0052 81 8399 13 99*

Dr. Julio Cury
Lics. Jotlin Cury hijo and Milvio Coiscou
Calle Manuel Rodriguez Objio, No. 12, Gazcue
Santo Domingo, Distrito Nacional
Republica Dominicana

*Via Fax No. 00 18 09 687 4114*

Dr. Gabriel Feliz Mendez, Lic. Luis Moquete Pelletier
Ave. Independencia No. 201
Edificio Buenaventura, Apartamento 310, Gazcue
Santo Domingo, Distrito Nacional
Republica Dominicana

*Via Fax No. 00 18 09 682 6417*

Dear Sirs:

The Secretariat hereby acknowledges receipt of claimants' letter dated June 2, 2002, a copy of which was directly
sent to defendants.

The Secretariat notes the comments and petitions of claimant. Please note that confirmation of co-arbitrators may
only take place once the Court has decided to continue with the arbitration as per article 6(2) of the Rules.
Consequently, the petition by claimant will be forwarded to the President of the Court, who will render a decision.

We will not fail to inform you of any decision that, in this sense, may be taken by the Court or the President of the
Court on its behalf.

Sincerely.

_____[signature]_____
Christian Conejero Roos
Advisor
Secretary of the International Court of Arbitration

**ICC International Court of Arbitration • Cours Internationale d'arbitrage**





**International Chamber of Commerce**

*The world business organization*

International Court of Arbitration • Cour internationale d'arbitrage

8 de junio de 2005/JRF

13708/CCO - **EMPRESA GENERADORA DE ELECTRICIDAD ITABO, S.A.** (República Dominicana) vs/ 1. **CORPORACIÓN DOMINICANA DE EMPRESAS ELÉCTRICAS ESTATALES** (República Dominicana) 2. **FONDO PATRIMONIAL DE LAS EMPRESAS REFORMADAS/FONDO PATRIMONIAL PARA EL DESARROLLO** (República Dominicana)

-------------------------------------------------------------------------------------

Sres. Javier L. Navarro Velasco, Brian Casey
Juan Ygnacio Reyes Retana y Hugo González Peña
BAKER & MCKENZIE ABOGADOS
Oficinas en el Parque, Torre I - Piso 10
Blvd. Antonio L. Rodríguez 1884 Pte.
Col. Santa María
64650 Monterrey, Nuevo León
México

*Por Fax No. 00 52 81 8399 1399*

Dr. Julio Cury,
Lics. Jottin Cury hijo y Milvio Coiscou
Calle Manuel Rodríguez Objio, No. 12, Gazcue
Santo Domingo, Distrito Nacional
República Dominicana

*Por Fax No. 00 1809 687 4114*

Dr. Gabriel Féliz Méndez, Lic. Luis Moquete Pelletier
Ave. Independencia No. 201
Edificio Buenaventura, Apartamento 310, Gazcue
Santo Domingo, Distrito Nacional
República Dominicana

*Por Fax No. 00 1809 682 6417*

Estimados Señores:

La Secretaría acusa recibo de la carta de la parte demandante de fecha 2 de junio de 2005, cuya copia ha sido enviada directamente a las partes demandadas.

La Secretaría toma nota de los comentarios y solicitudes de la parte demandante. Sírvanse notar que la confirmación de los coarbitros solo podrá hacerse una vez la Corte haya decidido que prosiga el arbitraje de conformidad con el Artículo 6(2) del Reglamento. En consecuencia, la solicitud de la parte demandante será transmitida al Presidente de la Corte quién decidirá sobre la misma.

No fallaremos en notificarles cualquier decisión que, en este sentido, sea tomada por la Corte o por el Presidente de la Corte en nombre de la misma.

Atentamente,

Cristián Conejero Roos
Consejero
Secretaría de la Corte Internacional de Arbitraje de la CCI

**ICC International Court of Arbitration • Cour internationale d'arbitrage de la CCI**

ISABEL CRISTINA MAZA
PERITO
TRADUCTOR
OFICIAL
del H. Tribunal
Superior de Justicia del
Estado de N.L. México, para
INGLES-ESPAÑOL,
ESPAÑOL-INGLES
Aut. 414/2005
Vigencia 31 ENERO 2006
Tel. 8134 9431



**ICC**
International Chamber of Commerce
*The World Business Organization*

**International Court of Arbitration** • **Cours Internationale d'arbitrage**

June 10, 2005 / zm

13708/CCO _ EMPRESA GENERADORA DE ELECTRICIDAD ITABO, S.A. (Dominican Republic) VS. I CORPORACION DOMINICANA DE EMPRESAS ELECTRICAS ESTATALES (Dominican Republic) II. FONDO PATRIMONIAL DE LAS EMPRESAS REFORMADAS / FONDO PATRIMONIAL PARA EL DESARROLLO (Dominican Republic)

---------------------------------------------------------------------------------------------------------------

Messrs. Javier L. Navarro Velasco, Brian Casey,
Juan Ygnacio Reyes Retana and Hugo Gonzalez Peña
Baker & McKenzie Abogados, SC
Oficinas en el Parque, Torre 1 – piso 10
Blvd. Antonio L. Rodriguez 1884 Pte.
Col. Santa Maria
64650 Monterrey, Nuevo Leon
Mexico

*Via Fax No. 0052 81 8399 13 99 and mail*

Dr. Julio Cury
Lics. Jotlin Cury hijo and Milvio Coiscou
Calle Manuel Rodriguez Objio, No. 12, Gazcue
Santo Domingo, Distrito Nacional
Republica Dominicana

*Via FaxNo. 00 18 09 687 4114 and mail*

Dr. Gabriel Feliz Mendez, Lic. Luis Moquete Pelletier
Ave. Independencia No. 201
Edificio Buenaventura, Apartamento 310, Gazcue
Santo Domingo, Distrito Nacional
Republica Dominicana

*Via Fax No. 00 18 09 682 6417 and mail*

Dear Sirs:

The Secretary of the International Court of Arbitration of the ICC is honored to inform you that the Court, at its meeting held on June 10, 2005, took the following decisions in regard to the arbitration of reference:

1. It decided that this arbitration should continue in accordance with the provisions of article 6(2) of the Rules;
2. It confirmed Mr. Claus Von Wobeser as co-arbitrator, based on the appointment by claimant;
3. It confirmed Mr. Bernardo M. Cremades as co-arbitration based on the appointment by defendants;
4. It set the provision for arbitration expenses in the amount of U.S. $190,000.00 without prejudice of future adjustments.

Under the provisions of articles 30 (2) of the Rules and 1 (4) of appendix III the provision of arbitration costs includes arbitrators fees, expenses incurred by the arbitrators in regard to the arbitration and administrative expenses of the ICC. In this case, the provision of arbitration costs was fixed considering the information received to date by the Secretarial and considering that the amount in dispute has not been evaluated from an economic point of view, and that this dispute will be submitted to a three member arbitral tribunal.

**ICC International Court of Arbitration** • **Cours Internationale d'arbitrage**

13708 / CCO                                                                                           page 2

---------------------------------------------------------------------------------------------------------------

According to the evolution of the case, the amount of the provision of arbitration expenses may be re-adjusted at any time during the arbitration.

In accordance with article 30(3) of the Rules, the parties will be invited invited, within **30 days** following the date of delivery of the file to the Arbitral Tribunal, to cover the provision for arbitration expenses, as follows:

| | |
|---|---|
| Claimant: | US $62,500.00  (US $95,000.000 minus US $32,500.00 already paid) |
| Defendants: | US $$95,000.00 |

Note that, given that the advance on the provision for arbitration expenses has already be paid in full, the Secretary will deliver the file to the Arbitral Tribunal once it is appointed, in accordance with article 13 of the rules.

Sincerely,

[signature]
Cristian Conejero Ross
Advisor
Secretary of the International Court of Arbitration of the ICC



Exhibit:  Copy of today's letter sent to the co-arbitrators.

c/c      Mr. Claus von Wobeser (via fax No. 00 52 55 5258 1098/ 1099)
         Mr. Bernardo M. Cremades (via fax No. 00 34 91 575 19 61/ 576 97 94)

Case 1:05-cv-05004-PAC    Document 13-4    Filed 06/27/2005    Page 3 of 4



**International Chamber of Commerce**

*The world business organization*

## International Court of Arbitration · Cour internationale d'arbitrage

10 de junio de 2005/zm

**13708/CCO - EMPRESA GENERADORA DE ELECTRICIDAD ITABO, S.A.** (República Dominicana) vs/ 1. CORPORACIÓN DOMINICANA DE EMPRESAS ELÉCTRICAS ESTATALES (República Dominicana) 2. FONDO PATRIMONIAL DE LAS EMPRESAS REFORMADAS/FONDO PATRIMONIAL PARA EL DESARROLLO (República Dominicana)

---

Sres. Javier L. Navarro Velasco, Brian Casey
Juan Ygnacio Reyes Retana y Hugo González Peña
BAKER & MCKENZIE ABOGADOS
Oficinas en el Parque, Torre I - Piso 10
Blvd. Antonio L. Rodríguez 1884 Pte.
Col. Santa María
64650 Monterrey, Nuevo León
México

*Por Fax No. 00 52 81 8399 1399 y correo*

Dr. Julio Cury,
Lics. Jottin Cury hijo y Milvio Coiscou
Calle Manuel Rodríguez Objío, No. 12, Gazcue
Santo Domingo, Distrito Nacional
República Dominicana

*Por Fax No. 00 1809 687 4114 y correo*

Dr. Gabriel Féliz Méndez, Lic. Luis Moquete Pelletier
Ave. Independencia No. 201
Edificio Buenaventura, Apartamento 310, Gazcue
Santo Domingo, Distrito Nacional
República Dominicana

*Por Fax No. 00 1809 682 6417 y correo*

Estimados Señores:

La Secretaría de la Corte Internacional de Arbitraje de la CCI tiene el honor de notificarles que la Corte, en su sesión del 10 de junio de 2005, tomó las siguientes decisiones en el proceso arbitral de la referencia:

1. Decidió que el presente arbitraje debe proseguir de conformidad con lo previsto en el artículo 6(2) del Reglamento;

2. Confirmó al señor Claus von Wobeser en calidad de coárbitro sobre la base de la designación que fuera hecha por la parte demandante;

3. Confirmó al señor Bernardo M. Cremades en calidad de coárbitro sobre la base de la designación que fuera hecha por las partes demandadas;

4. Fijó la provisión para gastos del arbitraje en un monto de US$ 190 000, sin perjuicio de reajustes ulteriores.

**ICC International Court of Arbitration · Cour internationale d'arbitrage de la CCI**

[Sello:]
CRISTINA MATA
PERITO
TRADUCTOR
OFICIAL
del H. Tribunal
Superior de Justicia del
Estado de N.L. México, con
INGLES-ESPAÑOL,
ESPAÑOL-INGLES
Aut. 414/2005
Vigencia 31 ENERO 2006
Tel. 8134 9431

Case 1:05-cv-05004-PAC   Document 13-4   Filed 06/27/2005   Page 4 of 4

13708/CCO                                                    página 2

De acuerdo con lo establecido en los artículos 30(2) del Reglamento y 1(4) del Apéndice III del mismo, la provisión para gastos del arbitraje incluye los honorarios de los árbitros, los gastos incurridos por los árbitros en relación con el arbitraje y los gastos administrativos de la CCI. En el presente caso, la provisión para gastos del arbitraje ha sido fijada de acuerdo con la información que la Secretaría posee a la fecha, y teniendo en cuenta que el monto en litigio no ha sido evaluado económicamente por el momento y que la presente controversia debe ser sometida a la decisión de un Tribunal Arbitral compuesto de tres miembros.

Según la evolución del caso, el monto de la provisión para gastos del arbitraje podrá ser reajustado en cualquier momento durante el arbitraje.

De conformidad con lo dispuesto en el artículo 30(3) del Reglamento, las partes serán invitadas, dentro de un plazo de 30 días contados a partir del día siguiente de la entrega del expediente al Tribunal Arbitral, a sufragar la provisión para gastos del arbitraje de la siguiente manera:

    - Parte demandante:     US$ 62 500 (US$ 95 000 menos US$ 32 500 ya pagados)
    - Partes demandadas:   US$ 95 000

Sírvanse notar que, dado que el anticipo sobre la provisión para gastos del arbitraje ha sido íntegramente sufragado, la Secretaría le entregará el expediente al Tribunal Arbitral, una vez que éste sea constituido, de conformidad con lo establecido en el artículo 13 del Reglamento.

Atentamente,

Cristián Conejero Roos
Consejero
Secretaría de la Corte Internacional de Arbitraje de la CCI

Anexo: - Copia de la carta de fecha de hoy dirigida a los coárbitros.

c/c:     Sr. Claus Von Wobeser     (Por Fax No. 00 52 55 5258 1098/1099)
        Sr. Bernardo M. Cremades   (Por Fax No. 00 34 91 575 19 61/ 576 97 94)



D. Cristian Conejero Roos
Secretariat of the International Court of Arbitration
ICC International Court of Arbitration
38, Tours Albert Ier, 75008, Paris
France

Re: 13708 / CCO – EMPRESA GENERADORA DE ELECTRICIDAD ITABO, S.A.
(Republica Dominicana) vs 1. CORPORACION DOMINICANA DE EMPRESAS
ELECTRICAS ESTATALES (Republica Dominicana) FONDO PATRIMONIAL DE
LAS EMPRESAS REFORMADAS / FONDO PATRIMONIAL PARA EL
DESARROLLO (Republica Dominicana)

June 13, 2005

Dear Advisor,

With regard to the letter from the Court Secretary dated June 10, 2005, we, the arbitrators, after having
considered the possibility of appointing, by common agreement, a President of the Arbitral Tribunal,
have concluded that said President shall be designated by the Court, for which reason we decline your
invitation to make such appointment by agreement of the arbitrators.

Sincerely,

[signature]                          [signature]
Bernardo M. Cremades          Claus Von Wobeser



16/06 2005 11 39 FAX

06/14/2005  13:18  52581010
          13 06  Y:40 TEL 34 91 570 07 94

VON WOBESER Y SIERRA
b. CREMADES & ASOCIADOS

✉ 004/004
PAG.  02
☑ 002

D. Cristián Conejero Roos
Secretaría de la Corte Internacional de Arbitraje
ICC INTERNACIONAL COURT OF ARBITRATION
38, Tours Albert 1er, 75008. Paris.
FRANCIA.

Re.:    13708/CCO – EMPRESA GENERADORA DE ELECTRICIDAD ITABO, S.A. (República
Dominicana) vs/ 1. CORPORACIÓN DOMINICANA DE EMPRESAS ELÉCTRICAS
ESTATALES (República Dominicana); 2, FONDO PATRIMONIAL DE LAS EMPRESAS
REFORMADAS/FONDO PATRIMONIAL PARA EL DESARROLLO (República
Dominicana).

13 de junio de 2005

Estimado Consejero,

En relación con la carta de la Secretaría de la Corte, de fecha 10 de junio de
2005, los árbitros, habiendo considerado la posibilidad de nombrar, de común
acuerdo, a un Presidente del Tribunal Arbitral, hemos llegado al convencimiento
de que éste sea designado por la Corte, por lo que declinamos su ofrecimiento de
que dicho nombramiento se efectúe por acuerdo de los árbitros.

Atentamente,

Bernardo M. Cremades

Claus Von Wobeser

CRISTINA MATA VELÁZQUEZ
LIC. ISABEL
PERITO
TRADUCTOR
OFICIAL
del H. Tribunal
Superior de Justicia del
Estado de N.L. México, para
INGLES-ESPAÑOL,
ESPAÑOL-INGLES
Aut. 414/2005
Vigencia 31 ENERO 2006
Tel. 8134 943?

--- En Monterrey, Nuevo León, a los veintisiete días del mes de junio del año dos mil cinco, la suscrita, licenciada Isabel Cristina Mata Velázquez, hago constar y certifico que esta traducción al inglés de esta declaración y anexos, con mi sello y firma, es fiel y correcta. El documento total, incluyendo la traducción, consta de cincuenta y un páginas útiles.

Monterrey, N.L. a 27 de junio de 2005.

)
)
)
)
)
)
)
)
)
)    _Isabel Cristina Mata V._

Isabel Cristina Mata Velázquez
Perito Oficial en Traducción del
Idioma Inglés-Español, Español-Inglés
de conformidad con lo dispuesto en el
Oficio No. 414/2005 otorgado por el
Pleno del H. Tribunal Superior de Justicia
del Estado de Nuevo León con fecha
31 de enero de 2005.

I, the undersigned, ISABEL CRISTINA MATA VELAZQUEZ, Official Translator appointed by the Superior Court of Justice of the State of Nuevo Leon, as set forth in Official Notice number 414/2005 dated **January 31, 2005**, do hereby certify that this translation to the English language is, to the best of my knowledge and belief, true, complete and accurate, without additions or omissions. The entire document is comprised of fifty one pages. Each page of the translated document contains the legend "Isabel Cristina Mata.- Perito Traductor" and has been signed by the undersigned. This translation is issued in the City of Monterrey, Nuevo León, on the **27th** day of **June, 2005**.

**13708/CCO ICC Arbitration CLAIMANT**

**DEMAND**

**Empresa Generadora de Electricidad Itabo, S.A.**

**(Dominican Republic)**

**Claimant**

**Vs.**

**Corporación Dominicana de Empresas Eléctricas**

**Estatales**

**(Dominican Republic)**

**Fondo Patrimonial de las Empresas Reformadas /**

**Fondo Patrimonial para el Desarrollo**

**(Dominican Republic)**

**Respondents**

**Before the International Court of Arbitration of the International Chamber**

**of Commerce**

38, Cours Albert 1er,  75008 Paris, France

Mr. Cristian Conejero Roos
Advisor
Secretary of the International Court of Arbitration
International Chamber of Commerce
38, Cours Albert 1er,  75008 Paris, France

I, Javier L. Navarro Velasco, in my capacity as attorney-in-fact or claimant, do hereby respectfully request, based on article 23 (1) of the Arbitration Rules of the International Court of Arbitration of the International Chamber of Commerce, an **URGENT MEASURE OF INTERIM RELIEF** against defendant Corporacion Dominicana de Empresas Electricas Estatales (CDEEE), to which effect, the file, including this motion, shall be immediately sent to the Arbitral Tribunal as the acts provoked and carried out by CDEEE jeopardizes the feasibility of this arbitration and poses the occurrence of imminent, unavoidable, and irreparable harm to ITABO.

## INTERIM RELIEF REQUESTED

I. It is hereby requested, as interim relief, that and order be issued directing CDEEE to halt, discontinue, and cease to participate in judicial proceedings that unduly brought before the Courts of Dominican Republic, under files consisting in i) Acto de Alguacil (Service of Notice) number 1781/2004 dated July 16, 2004 of Deputy Attorney General Williams Radhames Ortiz Pujols, Alguacil Ordinario (Process Server) of the Civil Chamber of the Court of Appeals of the National District, ii) the lawsuit filed though Acto de Alguacil (Service of Notice) number 1798/2004 dated July 21, 2004 of the above mentioned Deputy Attorney General Williams Radhames Ortiz Pujols, before the First Chamber of the Civil and Commercial Chamber of the First Instance Judge of the National district, that was rejected by said court and appealed before the Second Chamber of Civil and Commercial matters of the Court of Appeals of the National District; and iii) the demand filed through Acto de Alguacil (Service of Notice)  number 422/2004 dated July 21, 2004 by Deputy Attorney General Clara Morcillo, Alguacil de estrado (an officer who posts notices on the court's bulletin board) of the Labor Court of the National District, heard before the

Fifth Courtroom of the Civil and Commercial matters Chamber of the First Instance judge of the National District, and to proceed to immediately abandon such actions.

II.-    To prohibit CDEEE from requesting any other monetary sanctions or authorization to place and attachment, intervention, or seizure of personal property, real property, cash, collection rights, or any other assets that ITABO may be entitled to de jure or de facto, including the management, as well as to enforce any judgment, whether final or interlocutory, that it has obtained or may obtain from the courts of Dominican Republic in regard to the above mentioned issues or on the payment of damages.

III.- That CDEEE be advised that any act in breach of or contrary to the orders set forth in the two preceding requests will constitute a breach of the arbitration agreement and will result in the indemnification for damages.

IV. That an economic sanction fair and sufficient to indemnify ITABO be fixed in case CDEE fails to abide by such orders.

The above-mentioned measures of interim relief are requested in view of the following facts:

1. As already known by this Honorable Court, ITABO has claimed various breaches by CDEEE and FONPER, the latter in its capacity as holder and depository of the shares owned by the Government of Dominican Republic, to the by-laws of ITABO and the following agreements: i) Share Subscription Agreement; ii) Management Agreement; iii) Agreement that granted rights for the Exploitation of Electrical Works relating to Power Generation; iv) Power Sale Agreement; v) Assignment of the Power Sale Agreement.

2. That both CDEEE and FONPER have appeared to respond to the demand for arbitration filed against them by ITABO with the International Court of Arbitration of

the International Chamber of Commerce, under file number 13708/CCO. Furthermore, FONPER filed a counterclaim against ITABO seeking payment of indemnification for damages, legal costs, and expenses.

3. By the same token, it is important to consider that to date, the parties have appointed their arbitrators: Mr. Claus Von Wobeser by ITABO's, and Dr. Bernardo Cremades Sanz-Pastor by CDEEE. They have agreed to delegate the appointment of the presiding arbitration to these arbitrators.

4. The International Court has full knowledge of the fact that CDEEE started various legal actions before the Courts of Dominican Republic regarding facts and claims to be arbitrated under the arbitration agreement contained in article 58 of the By-laws of ITABO.

Specifically, CDEEE has started the following actions:

A). On July 16, 2004, through Acto de Alguacil (Service of Notice) No. 1781/2004, dated July 16, 2004 by Williams Radhamés Ortíz Pujols, ordinary process server of the Civil Chamber for the Appeals Court of the National District, CDEEE required ITABO in the following terms:

> "you are hereby formally and expressly DEMANDED to deliver, within forty eight (48) hours, to my petitioner through its counsel and special attorney in fact, the complete documentation of the bid carried out for the rehabilitation of generation units 1 and 2, especially those that support the changes made in the different offers, which result in a difference of US$15.7 million dollars, aside from the resolution from the Shareholders Meeting approving such changes. YOU ARE HEREBY WARNED that failure to comply with this requirement shall result in you being sued before the corresponding courts, so that you meet the provisions **established in the Bylaws and laws regulating this matter** (emphasis added)".

LIC. ISABEL CRISTINA MAYA VELÁZQUEZ
PERITO TRADUCTOR OFICIAL
del H. Tribunal Superior de Justicia del Estado de N.L. México, para INGLES-ESPAÑOL, ESPAÑOL-INGLES
Aut. 414/2005
Vigencia 31 ENERO 2006
Tel. 8134 9431

B). The demand for rendering of accounts, notified to ITABO through Act No. 1798/2004 of July 16, 2004, through Deputy Attorney General Williams Radhamés Ortiz Pujols, was resolved in the absence of ITABO through civil judgment 2507 under file 034-2004-1391 dated December 2004 by the First Civil and Commercial Chamber of the Court of First Instance of the National District in Santo Domingo, Dominican Republic. In such sentence the petition of CDEEE is denied. It is worth noting that this sentence has been appealed by CDEEE in an on-going breach of the arbitration agreement.

C) Demand for rendering of accounts and payment of damages against ITABO and its Chairman of the Board of Directors Julián Nebreda, notified to ITABO through Act No. 422/2004, dated July 21, 2004 by Deputy Attorney General Carla Morcello, to appear before the Fifth Courtroom of the Civil and Commercial Chamber of the Court of First Instance of the National District for commercial matters, claiming the following:

> "FIRST: That you hereby ORDER EMPRESA GENERADORA DE ELECTRICIDAD ITABO S.A. (EGE-ITABO) through his Chairman or General Manager, as well as through any other person that may be involved and be responsible and in the capacity that they may have, TO PROCEED TO RENDER ACCOUNTS to CORPORACION DOMINICANA DE EMPRESAS ELECTRICAS ESTATALES (CDE) of its financial and commercial operations before the related companies NEW CARIBBEAN INVESTMENT S.A. COASTAL ITABO LTD. COASTAL TECHNOLOGY DOMINICANA (CTD), SERVICIOS DE ASISTENCIA TÉCNICA S.A. (SAT), COASTAL PETROLEUM DOMINICANA LTD., COASTAL MANAGER LTD. COASTAL POWER DOMINICANA, COASTAL REFINING & MARKETING INC. DISTRIBUIDORES INTERNACIONALES DE PETROLEO S.A., GENER S.A. among others, as well as other commercial and financial operations described in a detailed manner in this demand, from September 8, 1999 through this date in 2004.
>
> SECOND: That you APPOINT or that an Examiner Judge be appointed to whom accounts should be rendered and who will supervise the corresponding procedure.

LIC. ISABEL CRISTINA MATA VELAZQUEZ
PERITO
TRADUCTOR
OFICIAL
del H. Tribunal
Superior de Justicia del
Estado de N.L. México, para
INGLES-ESPAÑOL,
ESPAÑOL-INGLES
Aut. 414/2005
Vigencia 31 ENERO 2006
Tel. 8134 9431

THIRD: that you ORDER by judgment, furthermore, the deposit before the Secretary of this Court of the commercial ledgers established by Law, corresponding to EMPRESA GENERADORA DE ELECTRICIDAD ITABO S.A. (EGE-ITABO) during fiscal years between September 8, 1999 and July 1st 2004.

FOURTH: That you SENTENCE EMPRESA GENERADORA DE ELECTRICIDAD ITABO S.A. (EGE-ITABO) and its Chairman Mr. Julián Nebreda to the obligatory payment of TWO HUNDRED THOUSAND PESOS ORO (RD $200,000.00) national currency, for each day of delay in depositing the commercial ledgers, in the form and in the terms indicated above.

FIFTH: That you ORDER the appointment of the necessary experts to issue an expert report to determine the actual economic and financial evolution of EMPRESA GENERADORA DE ELECTRICIDAD ITABO S.A. (EGE-ITABO).

SIXTH: That you ESTABLISH the term for the rendering of accounts to be effected.

SEVENTH: that you SENTENCE EMPRESA GENERADORA DE ELECTRICIDAD ITABO S.A. (EGE-ITABO) and its Chairman Mr. Julián Nebreda to the obligatory payment of TWO HUNDRED THOUSAND PESOS ORO (RD $200,000.00) national currency, for each day of delay in the rendering of accounts.

EIGHTH: That if accounts are rendered and if there is an unjustified omission of a specific amount, EMPRESA GENERADORA DE ELECTRICIDAD ITABO S.A. (EGE-ITABO) and its Chairman Mr. Julián Nebreda be sentenced to the payment of the missing amount.

NINTH: That should EMPRESA GENERADORA DE ELECTRICIDAD ITABO S.A. (EGE-ITABO) and its Chairman Mr. Julián Nebreda fail to render accounts in the terms and manner detailed in this demand, that you ORDER that they be compelled to do so through an Executory Attachment of Real Property and Personal Property and sale of its assets up to the amount this Court may set to satisfy fully the capital, interest, delinquency, benefits, and damages owed to CORPORACION DOMINICANA DE EMPRESAS ELECTRICAS ESTATALES (CDE), as a result of the financial operations adopted in violation of the Company Bylaws.

TENTH: That upon the execution of the foregoing clauses and through the same sentence, you ORDER EMPRESA GENERADORA DE ELECTRICIDAD ITABO S.A. (EGE-ITABO) and its Chairman Mr. Julián

LIC. CRISTINA MAYA VELAZQUEZ
PERITO TRADUCTOR OFICIAL
del H. Tribunal Superior de Justicia del Estado de N.L. México, para INGLES-ESPAÑOL, ESPAÑOL-INGLES
Aut. 414/2005
Vigencia 31 ENERO 2006
Tel. 8134 9431

Nebreda to DELIVER all movables (Certificates of Investment, Stock Certificates of the company, and of all related companies of which it is a shareholder) and real property and others, with their corresponding documentation.

ELEVENTH: That you SENTENCE EMPRESA GENERADORA DE ELECTRICIDAD ITABO S.A. (EGE-ITABO) and its Chairman Mr. JULIÁN NEBREDA to the obligatory payment of TWO HUNDRED THOUSAND PESOS ORO (RD $200,000.00) national currency, for each day of delay in compliance.

TWELFTH: That you ORDER the appointment of the necessary experts to examine the originality, origin, accuracy, and equity of the documentation and assets thus delivered, corresponding to the Defendant Company and its Chairman.

THIRTEENTH: That you ORDER EMPRESA GENERADORA DE ELECTRICIDAD ITABO S.A. (EGE-ITABO) and its Chairman Mr. JULIÁN NEBREDA to the OBLIGATORY payment of ONE HUNDRED THOUSAND PESOS ORO (RD $100,000.00) national currency, if after depositing the documentation of reference, the same is not complete, for each day of delay in completing the deposit that has been ordered.

FOURTEENTH: In case the absence of a specific amount is unjustified, that you SENTENCE EMPRESA GENERADORA DE ELECTRICIDAD ITABO S.A. (EGE-ITABO) and its Chairman Mr. JULIÁN NEBREDA to the payment of FIVE HUNDRED THOUSAND PESOS ORO (RD $500,000.00) national currency in favor of CORPORACION DOMINICANA DE EMPRESAS ELECTRICAS ESTATALES (CDEEE), legal successor of CDE, as a just and fair repair for damages caused to the Corporation.

FIFTEENTH: That you ORDER that the SENTENCE TO INTERVENE be declared final notwithstanding any remedy that may be filed against the same and without the need of a bond.

SIXTEENTH: that you SENTENCE the defendant to the payment of legal interest over the sums for which it is sentenced for the payment of damages, as well as for any other accessory sentence.

SEVENTEENTH: That you SENTENCE the defendant to the payment of costs related to this procedure to Dr. Carlos Manuel Padilla Cruz, attorney which is advancing it in its entirety."

LIC. ISABEL CRISTINA MATA VELÁZQUEZ
PERITO TRADUCTOR OFICIAL
del H. Tribunal Superior de Justicia del Estado de N.L. México, para INGLES-ESPAÑOL, ESPAÑOL-INGLES
Aut. 414/2005
Vigencia 31 ENERO 2006
Tel. 8134 9431

4. We explained to the Court that the reasons for CDEEE to initiate judicial actions was to evade the arbitration commitment contemplated in ITABO's bylaws, as well as those agreed upon in several agreements between the contending parties; CDEEE has even invoked sovereign immunity to violate the commitment pact, even though it is FONPER and not CDEEE the holder of the State's shares over ITABO, based on the provisions of article 20 of Amended Law No. 141-97 for a Public Company dated June 24, 1997 and articles 2 and following of Law No. 124-01 dated July 24, 2001 which created FONPER, and not so with regards to CDEEE which was later created through Law No. 125-01 dated July 26, 2001 and independent of which, Law No. 50-87 dated June 4, 1987 over Commerce and Production Chambers established the possibility of initiating an arbitration procedure by the Dominican State, as well as public corporations and entities in all types of controversies, as allowed also by article 631 of the Commerce Code for the Dominican Republic to resolve all types of controversies.

5. That CDEEE's attitude violates article two of the 1958 United Nations Convention on the Recognition and Execution of Foreign Arbitration Sentences of New York (the New York Convention) among other provisions of this international pact.

6. On May 12, 2005, as a result of an appeal procedure initiated by CDEEE against an absolutory sentence (dictated in contempt and in the absence of ITABO), related with the first of the judicial procedures started by CDEEE against ITABO, a hearing took place before the Civil and Commercial Chamber of the Santo Domingo Appeals Court (Appeals Court). In such hearing, ITABO appeared for the first time to the aforementioned procedure and invoked article II of the New York Convention, petitioning the Court that it remit the parties to the agreed-upon arbitration in accordance with the arbitration clauses contained in the Basic Agreements (as such term is defined in the arbitration request).

7. In the aforementioned hearing, the Appeals Court ordered the parties to appear at a new hearing programmed for May 27, 2005 for the purpose of presenting

summations and conclusions regarding ITABO's request in the terms of the New York Convention, but also regarding THE MERITS OF CDEEE'S COMPLAINT.

8. The order issued by the Appeals Court clearly jeopardizes the feasibility and efficiency of this arbitration. In fact, if ITABO is forced to submit closing arguments and conclusions regarding the substance and merits of CDEEE's complaint before judicial courts of the Dominican Republic and they issue a sentence on such matter, CDEEE may execute this sentence if favorable, and may attach ITABO's assets.

9. Under the above premise, CDEEE may go as far as to take possession of the company's administration, denying the effects of the resolution dictated in this arbitration or remove the possibility of it being enforced in the Dominican Republic, because it would face the institution of *res-judicata* at the location where its recognition and enforceability is most necessary, which is CDEEE's address.

10. Based on the above, ITABO appeared before the judicial courts of the arbitration's location (New York) for the purpose of obtaining a provisional remedy in the form of an "injunction", ordering CDEEE to refrain from continuing with such judicial acts until the arbitration is resolved. The corresponding request was remitted to Judge Richard M. Berman, who as of this date has summonsed the parties to appear in a hearing but has not rendered a final resolution, and this makes the intervention of the Arbitration Court critical.

11. Simultaneously, ITABO filed a recurso de casación before the Supreme Court of the Dominican Republic and a request for suspension for the purpose of preventing a hearing on the merits of the case being debated with CDEEE, which suspension has not been granted yet.

12. In addition to the foregoing, ITABO appeared before the Appeals Court to insist in the application of Article II of the New York Convention and abstain from arguing the substance and merits of the case. The Appeals Court took note of the defect incurred

by ITABO with regards to the merits of CDEEE's complaint; that is, with regards to the abstention or contempt to debate such matters and granted CDEEE a term to submit a Justification Report, and also granted a term to both parties to submit a response and counter-response, and also reserved the question of jurisdiction and merits of the case in a final sentence; which implies that it may resolve the core of the case brought by CDEEE at any moment in judicial litigation, risking this arbitration and allowing CDEEE to escape arbitration jurisdiction. This would also cause serious and irreparable harm to ITABO.

13. ITABO stresses that pursuant to article 35 of the Arbitration Regulations, the Court as well as the Arbitration Court have the obligation of making efforts to ensure the efficiency and enforcement of the resolution resulting from this arbitration, and therefore respectfully requests that measures be taken to prevent a sentence from the Dominican Republic courts on the core matter, making an arbitration ruling inefficient and un-executable in the Dominican Republic, place where the assets of the defendants are located, as well as preventing irreparable harm to ITABO derived from the malicious use and abuse of judicial actions in violation of the commitment pact.

14. Based on the above, the provisional remedy requested is urgent and I hereby request that this Arbitration Court immediately resolve our petition.

In the city of Monterrey, N.L. México, June 15, 2005.


_____[signature]_____

Empresa Generadora de Electricidad ITABO S.A.

Represented by Javier L. Navarro Velasco



c.c.    Julio Cury

Jottin Cury, Jr.
Silvio Coiscou
Dr. Gabriel Feliz Mendez
Luis Mosquete Pelletier
Claus Von Wobeser
Bernardo M. Cremades



Arbitraje CCI:  13708/CCO - DEMANDANTE
DEMANDA

Empresa Generadora de Electricidad Itabo, S.A.
(República Dominicana)

Demandante

Vs.

Corporación Dominicana de Empresas Eléctricas
Estatales
(República Dominicana)
Fondo Patrimonial de las Empresas Reformadas /
Fondo Patrimonial para el Desarrollo
(República Dominicana)
Demandadas



Ante la Corte Internacional de Arbitraje de la Cámara de Comercio
Internacional
38, Cours Albert 1er, 75008 París, Francia



PERITO
TRADUCTOR
OFICIAL
del H. Tribunal
Superior de Justicia del
Estado de N.L. México, para
INGLES-ESPAÑOL,
ESPAÑOL-INGLES
Aut. 414/2005
Vigencia 31 ENERO 2006
Tel. 8134 9431
LIC. ISABEL CRISTINA MAYA VELAZQUEZ

Sr. Cristian Conejero Roos
Consejero,
Secretaría de la Corte Internacional de Arbitraje
Cámara de Comercio Internacional.
38, Cours Albert 1er, 75008 París, Francia

Javier L. Navarro Velasco, en mi carácter de abogado de la parte demandante, por
este medio con el debido respeto, vengo a solicitar con fundamento en el artículo
23 Inciso 1) del Reglamento de Arbitraje a la Corte Internacional de Arbitraje de la
Cámara de Comercio Internacional que **SE DICTE CON CARÁCTER DE
URGENTE MEDIDA CAUTELAR** en contra de la demandada Corporación
Dominicana de Empresas Eléctricas Estatales (CDEEE), por lo que deberá remitirse
inmediatamente el expediente incluyendo esta precautoria al Tribunal Arbitral, ya
que los actos provocados y llevados acabo por CDEEE ponen en peligro la
viabilidad del arbitraje y la consecución irreparable, inminente e inevitable de daños
y perjuicios en contra de ITABO.

## MEDIDA CAUTELAR SOLICITADA

A.- Se solicita como medida cautelar que se dicte un auto requiriendo a CDEEE
suspender, descontinuar y dejar de actuar en los procedimientos judiciales
que indebidamente inició ante los Tribunales de República Dominicana,
radicados bajo los expedientes consistentes en i) el Acto de Alguacil No.
1781/2004 de fecha 16 de julio de 2004, del Ministerial Williams Radhamés
Ortiz Pujols, Alguacil Ordinario de la Cámara Civil de la Corte de Apelación del
Distrito Nacional, ii) la demanda interpuesta por el Acto de Alguacil No.
1798/2004 de fecha 21 de julio de 2004, del señalado Ministerial Williams
Radhamés Ortiz Pujols, conocida por la Primera Sala de la Cámara Civil y
Comercial del Juzgado de Primera Instancia del Distrito Nacional, y que fuere

2



LIC. ISABEL CRISTINA MATA VELÁZQUEZ
PERITO
TRADUCTOR
OFICIAL
del H. Tribunal
Superior de Justicia del
Estado de N.L. México, para
INGLES-ESPAÑOL,
ESPAÑOL-INGLES
Aut. 414/2005
Vigencia 31 ENERO 2006
Tel. 8134 9431

rechazada por ese tribunal y apelada tal decisión, cursando la apelación por ante la Segunda Sala de la Cámara Civil y Comercial de la Corte de Apelación del Distrito Nacional; y iii) la demanda interpuesta por el Acto de Alguacil No. 422/2004 de fecha 21 de julio de 2004, instrumentado por el Ministerial Clara Morcillo, Alguacil de Estrado de la Corte de Trabajo del Distrito Nacional, y que se conoce ante la Quinta Sala de la Cámara Civil y Comercial del Juzgado de Primera Instancia del Distrito Nacional, procediendo de inmediato a presentar sendos desistimientos de las demandas que haya iniciado.

II.- Se le prohíba a CDEEE solicitar condenaciones económicas, y pedir autorización para embargar, intervenir y/o tomar posesión de bienes muebles o inmuebles, efectivo, derechos de cobro o de cualquier activo que por hecho o por derecho le pueda corresponder a ITABO incluso de la administración, así como ejecutar cualquier sentencia interlocutoria o definitiva que haya conseguido o pueda conseguir de los tribunales judiciales de República Dominicana, respecto a los conceptos anteriores o sobre el pago de daños y perjuicios.

III.- Se le advierta a CDEEE que cualquier acto de inobservancia o contrario a lo solicitado en los dos puntos petitorios anteriores, será motivo de violación a la cláusula arbitral, lo que conllevará a la reparación de daños y perjuicios.

IV.- Se fije una penalidad económica suficiente y justa para el caso de desacato de parte de CDEEE, mediante el cual se resarza a ITABO de cualquier daño y perjuicio que se le cause con dicha actuación.

Las anteriores medidas cautelares son solicitadas en virtud de los siguientes hechos:

3



LIC. ISABEL CRISTINA MATA VELAZQUEZ
PERITO
TRADUCTOR
OFICIAL
del H. Tribunal
Superior de Justicia del
Estado de N.L., México, para
INGLES-ESPAÑOL,
ESPAÑOL-INGLES
Aut. 414/2005
Vigencia 31 ENERO 2006
Tel. 8134 9431

1.    Es del conocimiento de esta Honorable Corte que ITABO reclama diversas violaciones por parte de CDEEE y de FONPER, ésta última en su carácter de titular y depositaria de las acciones propiedad del Gobierno de la República Dominicana, a los estatutos sociales de ITABO y a los siguientes contratos celebrados: i) Contrato de Suscripción de Acciones; ii) Contrato de Administración; iii) Contrato de Otorgamiento de Derechos para la Explotación de Obras Eléctricas relativas a la Generación de Electricidad; iv) Contrato de Venta de Energía y; v) Acuerdo de Cesión del Contrato de Venta de Energía.

2.    Que tanto CDEEE como FONPER han comparecido a dar contestación a la demanda arbitral interpuesta en su contra por ITABO ante la Corte Internacional de Arbitraje de la Cámara de Comercio Internacional, dentro del expediente radicado bajo el número 13708/CCO. Que inclusive FONPER presentó una demanda reconvencional en contra de ITABO, en donde reclama el pago de daños y perjuicios, gastos y costas.

3.    Asimismo, es importante considerar que a la fecha las partes han designado sus árbitros; por parte de ITABO se designó al licenciado Claus Von Wobeser y por CDEEE al Dr. Bernardo Cremades Sanz-Pastor y han consensado el delegar a estos árbitros la facultad de designar al árbitro presidente.

4.    La Corte Internacional tiene pleno conocimiento que CDEEE inició diversas acciones legales ante los Tribunales de República Dominicana, sobre hechos y reclamos que son arbitrables al tenor de la cláusula compromisoria prevista en el artículo 58 de los estatutos sociales de ITABO.

En concreto, CDEEE inició las siguientes actuaciones:



A). En fecha 16 de julio del año 2004, mediante Acto de Alguacil No. 1781/2004, instrumentado con fecha 16 del mes de julio del año 2004 por el Ministerial Williams Radhamés Ortiz Pujols, Alguacil Ordinario de la Cámara Civil de la Corte de Apelación del Distrito Nacional, CDEE formuló a ITABO un requerimiento en los siguientes términos:

> "por medio del presente acto le hace formal y expresa INTIMACION
> para que en el plazo de cuarenta y ocho (48) horas entregue a mi
> requerente por intermedio de su abogado constituido y apoderado
> especial la documentación completa de la licitación realizada para la
> rehabilitación de las unidades de generación 1 y 2, de manera especial
> los que soportan los cambios que se realizaron en las distintas ofertas
> que dan como resultado una diferencia de US$15.7 millones de dólares,
> además de la resolución de la Asamblea de Accionistas que aprobó
> dichos cambios. ADVIRTIÉNDOLE que de no obtemperar a dicho
> requerimiento será demandado por ante los tribunales correspondientes,
> a los fines de que cumpla con lo establecido en los Estatutos y en las
> leyes que rigen la materia."

B). La demanda de rendición de cuentas, notificada a ITABO mediante Acto No. 1798/2004 de fecha 21 de julio del 2004, por conducto del Ministerial Williams Radhamés Ortiz Pujols, misma que fue resuelta, en defecto de ITABO, mediante sentencia Civil No. 2507 del expediente número 034-2004-1391 de fecha 29 de noviembre del 2004 emitida por la Primera Sala de la Cámara Civil y Comercial del Juzgado de Primera Instancia del Distrito Nacional con Sede en Santo Domingo, República Dominicana. En dicha sentencia se rechaza la pretensión de CDEEE. Cabe aclarar que esta sentencia ha sido apelada por CDEEE en continuo desacato a la cláusula compromisoria.

5



LIC. ISABEL CRISTINA MATA VELÁZQUEZ
PERITO
TRADUCTOR
OFICIAL
del H. Tribunal
Superior de Justicia del
Estado de N.L. México, para
INGLES-ESPAÑOL,
ESPAÑOL-INGLES
Aut. 414/2005
Vigencia 31 ENERO 2006
Tel. 8134 9431

C) Demanda de rendición de cuentas y pago de daños y perjuicios en contra de ITABO y su Presidente del Consejo de Administración Julián Nebreda, notificada a ITABO mediante Acto No. 422/2004 de fecha 21 de julio de 2004, por conducto de la Ministerial Carla Morcello, para comparecer ante la Quinta Sala de la Cámara Civil y Comercial del Juzgado de Primera Instancia del Distrito Nacional, en sus atribuciones comerciales, reclamando lo siguiente:

"PRIMERO: Que ORDENEIS a la EMPRESA GENERADORA DE ELECTRICIDAD ITABO, S. A. (EGE-ITABO) en la persona de su Presidente o Gerente General, así como a cualquier otra persona que resulte involucrada y responsable, y en las calidades que ostenten, PROCEDER a RENDIR CUENTAS a la CORPORACIÓN DOMINICANA DE EMPRESAS ELECTRICAS ESTATALES (CDE) de sus operaciones financieras y comerciales frente a las empresas vinculadas NEW CARIBBEAN INVESTMENT, S. A., COASTAL ITABO, LTD., COASTAL TECHNOLOGY DOMINICANA (CTD), SERVICIOS DE ASISTENCIA TÉCNICA, S. A. (SAT), COASTAL PETROLEUM DOMINICANA LTD, COASTAL MANAGER LTD, COASTAL POWER DOMINICANA, COASTAL REFINING & MARKETING INC., DISTRIBUIDORES INTERNACIONALES DE PETROLEO, S. A., GENER, S. A. entre otras, así como otras operaciones comerciales y financieras descritas de manera pormenorizada en la presente demanda, desde el 8 de septiembre del año 1999 hasta la fecha del año 2004.

SEGUNDO: Que DESIGNEIS o SE AUTO DESIGNEIS Juez Comisario ante quien deberá Rendirse Cuentas y Supervisará el procedimiento de Rendición de dichas Cuentas.

TERCERO: Que ORDENEIS por sentencia, además, el deposito por Secretaria de este Tribunal de los libros de comercio establecidos por la

6



Ley correspondiente a EMPRESA GENERADORA DE ELECTRICIDAD ITABO, S. A. (EGE-ITABO) en su ejercicio fiscal desde el 8 de septiembre de 1999 hasta el 1ro. de julio del año 2004.

CUARTO: Que CONDENEIS a la EMPRESA GENERADORA DE ELECTRICIDAD ITABO, S. A. (EGE-ITABO) y a su Presidente señor Julián Nebreda al pago de una astreinte por la suma de DOSCIENTOS MIL PESOS ORO (RD$200,000.00) moneda nacional, por cada día de retardo en efectuar el depósito de los libros de comercio, en la forma y en los términos indicados precedentemente.

QUINTO: Que ORDENEIS la designación de los peritos necesarios a fin de realizar el experticio de lugar para determinar la realidad del curso de la evolución económica y financiera de la EMPRESA GENERADORA DE ELECTRICIDAD ITABO, S. A. (EGE-ITABO).

SEXTO: Que FIJEIS el plazo dentro del cual las cuentas deberán rendirse o darse.

SÉPTIMO: Que CONDENEIS a la EMPRESA GENERADORA DE ELECTRICIDAD ITABO, S. A. (EGE-ITABO) y a su Presidente señor JULIAN NEBREDA al pago de UN ASTREINTE por la suma de DOSCIENTOS MIL PESOS ORO (RD$200,000.00) moneda nacional, por cada día de retardo en proceder a la Rendición de Cuentas.

OCTAVO: Que en caso de Rendir Cuentas y Resultar injustificada la ausencia de una cantidad o monto específico, la EMPRESA GENERADORA DE ELECTRICIDAD ITABO, S. A. (EGE-ITABO) y su Presidente el señor JULIAN NEBREDA, sean condenados al pago de dicha cantidad o monto faltante.

7



LIC. ISABEL CRISTINA MATA VELAZQUEZ
PERITO
TRADUCTOR
OFICIAL
del H. Tribunal
Superior de Justicia del
Estado de N.L. México, para
INGLES-ESPAÑOL,
ESPAÑOL-INGLES
Aut. 414/2005
Vigencia 31 ENERO 2006
Tel. 8134 9431

NOVENO: Que en caso de que la EMPRESA GENERADORA DE ELECTRICIDAD ITABO, S. A. (EGE-ITABO) y su Presidente el señor JULIAN NEBREDA no Rindan Cuentas de los términos y formas precisadas en la presente demanda, ORDENEIS que sean compelidos a ello por medio del Embargo Ejecutivo, Mobiliario, Inmobiliario y venta de sus bienes hasta la cantidad que tenga a bien fijar y acuerde el Tribunal para satisfacer totalmente tanto el capital, los intereses, moras, beneficios, daños y perjuicios debidos a la CORPORACIÓN DOMINICANA DE EMPRESAS ELECTRICAS ESTATALES (CDEEE), como consecuencia de las operaciones financieras tomadas en violación de los Estatutos de la Sociedad.

DECIMO: Que luego de que se ejecuten las cláusulas anteriores, SE ORDENEIS, también por la misma sentencia que la EMPRESA GENERADORA DE ELECRICIDAD ITABO, S. A. y su Presidente Señor JULIAN NEBREDA, LA ENTREGA de todos sus bienes muebles (Certificados de inversiones, Certificados de acciones de compañía y de todas las compañías vinculadas de las que es accionista, y de los inmuebles (certificados de Títulos y otros), esto es con sus correspondientes documentaciones.

DECIMO PRIMERO: Que CONDENEIS a la EMPRESA GENERADORA DE ELECTRICIDAD ITABO, S. A. (EGE-ITABO) y a su Presidente señor JULIAN NEBREDA al pago de UN ASTREINTE por la suma de DOSCIENTOS MIL PESOS (RD$200,000.00) moneda nacional, por cada día de retardo en el cumplimiento.

DECIMO SEGUNDO: Que ORDENEIS la designación de los peritos necesarios a fin de que examinen la originalidad, procedencia,



correctibilidad y equidad de la documentación y bienes así entregados, correspondientes a la Empresa Demandada y a su Presidente.

DECIMO TERCERO: Que ORDENEIS a la EMPRESA GENERADORA DE ELECRICIDAD ITABO, S. A. (EGE-ITABO) y a su Presidente señor JULIAN NEBREDA al pago de UN ASTREINTE por la suma de CIEN MIL PESOS (RD$100,000.00) moneda nacional, en caso de que luego de depositar la documentación de referencia, no lo fuere de manera completa, por cada día de retardo en completar el deposito ordenado.

DECIMO CUARTO: Que en caso de resultar injustificada la ausencia de una cantidad o monto especifico, la EMPRESA GENERADORA DE ELECTRICIADAD ITABO, S. A. (EGE- ITABO), y a su Presidente el señor JULIÁN NEBREDA, al pago de la suma de QUINIENTOS MILLONES DE PESOS (RD$500,000,000.00) moneda nacional, a favor y provecho de la CORPORACIÓN DOMINICANA DE EMPRESAS ELECTRICAS ESTATALES (CDEEE), continuadora jurídica de la CDE, como justa y condigna reparación por daños económicos y materiales causados a la Corporación.

DECIMO QUINTO: Que ORDENEIS que la SENTENCIA a intervenir sea declarada ejecutoria provisionalmente y sobre minuta, no obstante cualquier recurso que se interponga contra la misma y sin necesidad de prestación de fianza.

DECIMO SEXTO: Condenar a la parte demandada al pago de los intereses legales de las sumas a que resulte condenada por la reparación de daños y perjuicios, así como cualquier otra condenación accesoria, a partir de la sentencia a intervenir.





DECIMO SÉPTIMO: Condenar a la parte demandada al pago de las costas del procedimiento, ordenando su distracción y provecho a favor del Dr. Carlos Manuel Padilla Cruz, abogado que afirma estarlas avanzando en su totalidad."

4.   Explicamos a la Corte que el motivo de CDEEE al iniciar sus acciones judiciales es evadir el compromiso arbitral previsto en los estatutos sociales de ITABO, así como pactada en diversos contratos celebrados entre las partes contendientes, tan es así que ha llegado CDEEE a invocar la inmunidad soberana, para violentar el pacto compromisorio, no obstante no ser CDEEE titular de las acciones del Estado en ITABO, sino FONPER, en virtud de lo establecido por el artículo 20 de la Ley Reforma de la Empresa Pública No. 141-97 de fecha 24 de junio de 1997, y los artículos 2 y siguientes de la Ley No. 124-01 de fecha 24 de julio del año 2001, que dio creación al FONPER, no así a CDEEE creada posteriormente mediante la Ley No. 125-01 del 26 de julio de 2001; e independientemente de lo cual, la Ley No. 50-87 de fecha 4 de junio de 1987 sobre Cámaras de Comercio y Producción, dispuso la arbitrabilidad del Estad Dominicano, las corporaciones y entidades públicas en todo tipo de controversias, como también lo permite el artículo 631 del Código de Comercio en la República Dominicana para la solución de todo tipo de controversias.

5.   Que la actitud de CDEEE viola lo dispuesto por el artículo segundo de la Convención de Naciones Unidas sobre el Reconocimiento y Ejecución de Sentencias Arbitrales Extranjeras de Nueva York de 1958 (la Convención de Nueva York), entre otras disposiciones de dicho Pacto Internacional.

6.   El día 12 de mayo de 2005, con motivo de un procedimiento de apelación iniciado por CDEEE en contra de una sentencia absolutoria (dictada en rebeldía y defecto de ITABO) relacionada con el primero de los procedimientos judiciales

10



CRISTINA MATA VELÁZQUEZ
LIC. ISABEL
PERITO
TRADUCTOR
OFICIAL
del H. Tribunal
Superior de Justicia del
Estado de N.L. México, para
INGLES-ESPAÑOL,
ESPAÑOL-INGLES
Aut. 414/2005
Vigencia 31 ENERO 2006
Tel. 8134 942

iniciados por CDEEE en contra de ITABO, se llevó a cabo una audiencia ante la Cámara Civil y Comercial de la Corte de Apelación de Santo Domingo (Corte de Apelación). En dicha audiencia, ITABO compareció por primera vez al mencionado procedimiento e invocó el artículo II Convención de Nueva York, solicitando a la Corte que remitiera a las partes al arbitraje pactado de conformidad con las cláusulas compromisorias contenidas en los Contratos Básicos (según se define dicho término en la solicitud de arbitraje).

7.    En la audiencia mencionada en el punto anterior, la Corte de Apelación ordenó a las partes comparecer a una nueva audiencia programada para el día 27 de mayo de 2005 con el objeto de presentar alegatos y conclusiones sobre la solicitud  de ITABO en términos de la Convención de Nueva York, pero también SOBRE EL FONDO DE LA DEMANDA DE CDEEE.

8.    La orden de la Corte de Apelación pone en evidente peligro la viabilidad y eficacia del presente arbitraje. En efecto, si ITABO se ve forzada a presentar alegatos y conclusiones respecto de la sustancia y méritos de la demanda de CDEEE ante los tribunales judiciales de República Dominicana y estos emiten sentencia sobre dicha materia, CDEEE podría ejecutar esa sentencia de serle favorable, pudiendo hacer embargo sobre el patrimonio de ITABO.

9.    En el entendido anterior, CDEEE podría  hasta llegar a tomar posesión de la administración de la empresa, negando los efectos del laudo que se dictare en el presente arbitraje o quitarle la posibilidad de ser ejecutable en la República Dominicana, pues se enfrentaría a la institución de cosa juzgada en el lugar donde . su reconocimiento y ejecución se hace mas necesaria, es decir en el lugar del domicilio de CDEEE.



10.    En atención a lo anterior, ITABO recurrió a los tribunales judiciales del lugar del arbitraje ( New York ) con el objeto de obtener una medida precautoria en forma de "injunction" que ordenara a CDEEE abstenerse de continuar con dichas actuaciones judiciales en tanto se resuelve el arbitraje que nos ocupa. La solicitud correspondiente fue turnada al Juez Richard M. Berman, quien a la fecha ha convocado a las partes a una audiencia pero no ha dictado resolución definitiva, por lo que hace más apremiante la intervención del Tribunal Arbitral para resolver sobre la precautoria solicitada.

11.    En forma simultánea ITABO interpuso un recurso de casación ante la Suprema Corte de Justicia de República Dominicana y una solicitud de suspensión con el objeto de evitar una audiencia sobre el fondo del asunto debatido con CDEEE, declaratoria de suspensión que a la fecha no ha sido otorgada.

12.    En adición a lo anterior, ITABO compareció ante la Corte de Apelación a insistir en la aplicación del  artículo II de la Convención de Nueva Cork y se abstuvo de alegar sobre la sustancia y méritos del caso. La Corte de Apelación tomó nota del defecto incurrido por ITABO con relación al fondo de la demanda de CDEEE, esto es, con relación a la abstención o rebeldía en debatir dichas materias, otorgó plazo a CDEEE para la presentación de un Informe Justificativo y plazo a ambas partes para la presentación de réplica y contra-réplica y, se reservó, la decisión de la cuestión de competencia y del fondo en sentencia definitiva, lo que implica que puede resolver el fondo de las litis planteada por CDEEE en cualquier momento en los litigios judiciales, arriesgando así dejar sin materia el arbitraje que nos ocupa y permitiendo a CDEEE escapar a la jurisdicción arbitral pactada. Aunado a lo anterior resulta el hecho cierto e inevitable de los daños económicos y morales tan graves e irreparables que ITABO resentiría.



13.   ITABO no deja de señalar que conforme a lo dispuesto por el artículo 35 del Reglamento de Arbitraje, tanto la Corte como el Tribunal Arbitral tienen la obligación de esforzarse por asegurar la eficacia y ejecutabilidad del laudo que resulte del presente arbitraje, por lo que en forma respetuosa solicitamos se tomen las medidas solicitadas a efecto de evitar que una sentencia de los Tribunales de República Dominicana sobre la materia del presente arbitraje hagan al laudo que resulte ineficaz e inejecutable en República Dominicana, lugar de ubicación de los activos de las demandadas, así como evitar daños irreparables para ITABO, derivadas del uso y abuso malicioso de la acciones judiciales en plena violación al pacto compromisorio.

14.   Por todo lo anterior, resulta urgente la medida precautoria solicitada, motivando el ruego al Tribunal Arbitral resuelva de inmediato nuestra petición.

En la ciudad de Monterrey, N.L., México a los 15 días de junio de 2005.

Empresa Generadora de Electricidad Itabo, S.A

Por conducto de Javier L. Navarro Velasco

c.c.   Dr. Julio Cury
       Lic. Jottin Cury hijo
       Silvio Coiscou
       Dr. Gabriel Feliz Méndez
       Lic. Luis Mosquete Pelletier
       Sr. Lic. Claus Von Wobeser
       Dr. Bernardo M. Cremades



**ICC**
International Chamber of Commerce
*The World Business Organization*

## International Court of Arbitration ● Cours Internationale d'arbitrage

June 16, 2005 / zm

13708/CCO - EMPRESA GENERADORA DE ELECTRICIDAD ITABO, S.A. (Dominican Republic) VS. 1. CORPORACION DOMINICANA DE EMPRESAS ELECTRICAS ESTATALES (Dominican Republic) 2. FONDO PATRIMONIAL DE LAS EMPRESAS REFORMADAS / FONDO PATRIMONIAL PARA EL DESARROLLO (Dominican Republic).

-------------------------------------------------------------------------------------------------------------------------

Messrs. Javier L. Navarro Velasco, Brian Casey,
Juan Ygnacio Reyes Retana and Hugo Gonzalez Peña
BAKER & MCKENZIE ABOGADOS, SC
Oficinas en el Parque, Torre 1 – piso 10
Blvd. Antonio L. Rodriguez 1884 Pte.
Col. Santa Maria
64650 Monterrey, Nuevo Leon
Mexico

*Via Fax No. 0052 81 8399 13 99*

Dr. Julio Cury
Lics. Jotlin Cury hijo and Milvio Coiscou
Calle Manuel Rodriguez Objio, No. 12, Gazcue
Santo Domingo, Distrito Nacional
Republica Dominicana

*Via Fax No. 00 18 09 687 4114*

Dr. Gabriel Feliz Mendez, Lic. Luis Moquete Pelletier
Ave. Independencia No. 201
Edificio Buenaventura, Apartamento 310, Gazcue
Santo Domingo, Distrito Nacional
Republica Dominicana

*Via Fax No. 00 18 09 682 6417*

Dear Sirs:

The Secretariat hereby acknowledges receipt of a letter dated June 13 sent jointly by the co-arbitrators. The parties will find a copy of said letter enclosed herein.

The Secretary notes that the co-arbitrators have declined the invitation to jointly designate the President of the Arbitral Tribunal and have requested that the Court appoint him.

Note that, consequently, under article 8(3) of the Rules, the Court will soon be invited to appoint the President of the Arbitral Tribunal.

Sincerely,

[signature]
Cristian Conejero Roos
Advisor
Secretary of the International Court of Arbitration of the ICC

Exhibit. As indicated



c/c     Mr. Claus von Wobeser       (via fax No. 00 52 55 5258 1098 / 1099)
           Mr. Bernardo M. Cremados   (via fax no. 00 34 91 575 19 61 / 576 97 94)

**ICC International Court of Arbitration. Cour Internationale d'Arbitrage de la CCI**

Case 1:05-cv-05004-PAC Document 13-7 Filed 08/27/2005 Page 3 of 3



**International Chamber of Commerce**

*The world business organization*

### International Court of Arbitration • Cour internationale d'arbitrage

16 de junio de 2005/zm

13708/CCO - EMPRESA GENERADORA DE ELECTRICIDAD ITABO, S.A. (República Dominicana) vs/ 1. CORPORACIÓN DOMINICANA DE EMPRESAS ELÉCTRICAS ESTATALES (República Dominicana) 2. FONDO PATRIMONIAL DE LAS EMPRESAS REFORMADAS/FONDO PATRIMONIAL PARA EL DESARROLLO (República Dominicana)

--------------------------------------------------------------------------------

Sres. Javier L. Navarro Velasco, Brian Casey
Juan Ygnacio Reyes Retana y Hugo González Peña
BAKER & MCKENZIE ABOGADOS
Oficinas en el Parque, Torre I - Piso 10
Blvd. Antonio L. Rodríguez 1884 Pte.
Col. Santa María
64650 Monterrey, Nuevo León
México

*Por Fax No. 00 52 81 8399 1399*

Dr. Julio Cury,
Lics. Jottin Cury hijo y Milvio Coiscou
Calle Manuel Rodríguez Objío, No. 12, Gazcue
Santo Domingo, Distrito Nacional
República Dominicana

*Por Fax No. 00 1809 687 4114*

Dr. Gabriel Féliz Méndez, Lic. Luis Moquete Pelletier
Ave. Independencia No. 201
Edificio Buenaventura, Apartamento 310, Gazcue
Santo Domingo, Distrito Nacional
República Dominicana

*Por Fax No. 00 1809 682 6417*

Estimados Señores:

La Secretaría acusa recibo de la carta de fecha 13 de junio enviada conjuntamente por los coárbitros. Las partes encontrarán una copia de dicha comunicación adjunta a la presente.

La Secretaría toma nota de que los coárbitros han declinado la invitación para realizar la designación conjunta del Presidente del Tribunal Arbitral y solicitan que el mismo sea nombrado por la Corte.

Sírvanse notar que, en consecuencia, de conformidad con el Artículo 8(3) del Reglamento, la Corte será invitada próximamente a nombrar el Presidente del Tribunal Arbitral.

Atentamente,

Cristián Conejero Roos
Consejero
Secretaría de la Corte Internacional de Arbitraje de la CCI

Anexo: Lo indicado

c/c:   Sr. Claus Von Wobeser       (Por Fax No. 00 52 55 5258 1098/1099)
       Sr. Bernardo M. Cremades    (Por Fax No. 00 34 91 575 19 61/ 576 97 94)

CRISTINA MATA VELÁZQUEZ
ISABEL
PERITO
TRADUCTOR
OFICIAL
del H. Tribunal
Superior de Justicia del
Estado de N.L. México, para
INGLES-ESPAÑOL,
ESPAÑOL-INGLES
Aut. 414/2005
Vigencia 31 ENERO 2006
Tel. 8134 9431

**ICC International Court of Arbitration • Cour internationale d'arbitrage de la CCI**

13708/CCO ICC Arbitration - CLAIMANT
DEMAND

Empresa Generadora de Electricidad Itabo, S.A.
(Dominican Republic)
Claimant

Vs.

Corporación Dominicana de Empresas Eléctricas
Estatales
(Dominican Republic)
Fondo Patrimonial de las Empresas Reformadas /
Fondo Patrimonial para el Desarrollo
(Dominican Republic)
Respondents



Before the International Court of Arbitration of the International Chamber
of Commerce

38, Cours Albert 1er, 75008 Paris, France

Mr. Cristian Conejero Roos
Advisor
Secretary of the International Court of Arbitration
International Chamber of Commerce
38, Cours Albert 1er, 75008, Paris, France

I, Javier Navarro Velasco, in my capacity as counsel for Claimant, do hereby respectfully appear and declare as follows:

Further to our letters dated June 2 and 16, 2005, and considering your letter dated June 16, 2005, whereby you inform the parties that the co-arbitrators appointed by the parties and confirmed by the International Court of Arbitration of the ICC have concluded that the President of the Arbitral Tribunal should be appointed by the International Court of Arbitration of the ICC, I hereby request that, for the reasons expressed in our communication dated June 2, 2005, and in order to integrate the Arbitral Tribunal that may review and resolve the interim relief that we urgently requested through our communication dated June 16, 2005, to appoint, as soon as possible, the person who shall act as President of the Arbitral Tribunal and that the file be forwarded to the members of the Arbitral Tribunal.

In view of the fact that the measures requested are indispensable for the subject matter of this arbitration to survive, and to ensure the effectiveness and enforceability of the resulting award, Itabo hereby invokes article 35 of the Arbitration Rules and reiterates the arguments described in the above-mentioned communications.

Thank you in advance for your attention. Please do not hesitate to contact us for any comments or queries concerning the foregoing.

LIC. ISABEL CRISTINA MATA VELAZQUEZ
PERITO
TRADUCTOR
OFICIAL
del H. Tribunal
Superior de Justicia del
Estado de N.L. México, para
INGLES-ESPAÑOL,
ESPAÑOL-INGLES
Aut. 414/2005
Vigencia 31 ENERO 2006
Tel. 8134 9431

In the city of Monterrey, N.L., Mexico, on the 17th day of June, 2005.


_____[signature]_____
Empresa Generadora de Electricidad Itabo, S.A.
Through Javier L. Navarro Velasco


c.c.    Mr. Clause Von Wobeser
       Mr. Bernardo M. Cremades
       Dr. Julio Cury
       Mr. Jottin Cury Jr.
       Mr. Silvio Coiscou
       Dr. Gabriel Feliz Mendez
       Mr. Luis Mosquete Pelletier



LIC. ISABEL CRISTINA MAYA VELAZQUEZ
PERITO
TRADUCTOR
OFICIAL
del H. Tribunal
Superior de Justicia del
Estado de N.L. México, para
INGLES-ESPAÑOL,
ESPAÑOL-INGLES
Aut. 414/2005
Vigencia 31 ENERO 2006
Tel. 8134 9431

Arbitraje CCI: 13708/CCO - DEMANDANTE
DEMANDA

Empresa Generadora de Electricidad Itabo, S.A.
(República Dominicana)

**Demandante**

Vs.

Corporación Dominicana de Empresas Eléctricas
Estatales
(República Dominicana)
Fondo Patrimonial de las Empresas Reformadas /
Fondo Patrimonial para el Desarrollo
(República Dominicana)
Demandadas

Ante la Corte Internacional de Arbitraje de la Cámara de Comercio
Internacional
38, Cours Albert 1er, 75008 Paris, Francia

CRISTINA MAYA
LIC. ISABEL
PERITO
TRADUCTOR
OFICIAL
del H. Tribunal
Superior de Justicia del
Estado de N.L. México, para
INGLES-ESPAÑOL,
ESPAÑOL-INGLES
Aut. 414/2005
Vigencia 31 ENERO 2006
Tel. 8134 9431

Case 1:05-cv-05004-PAC   Document 13-6   Filed 06/27/2005   Page 5 of 6

Sr. Cristian Conejero Roos
Consejero,
Secretaría de la Corte Internacional de Arbitraje
Cámara de Comercio Internacional.
38, Cours Albert 1er, 75008 París, Francia

Javier L. Navarro Velasco, en mi carácter de abogado de la parte demandante, por
este medio comparezco para exponer:

Que con el debido respeto, en alcance de nuestras comunicaciones del 2 y 16 de
junio de 2005 y en atención a su comunicación de fecha 16 de junio de 2005,
mediante la cual hace del conocimiento de las partes que los co-árbitros designados
por las partes y confirmados por la Corte Internacional de Arbitraje de la CCI han
llegado al convencimiento de que el Presidente del Tribunal Arbitral deberá ser
nombrado por la Corte Internacional de Arbitraje de la CCI, vengo a solicitar que, por
las razones expuestas en nuestra comunicación de fecha 2 de junio de 2005 y con el
objeto de integrar el Tribunal Arbitral que pueda analizar y resolver sobre las
medidas cautelares que con carácter de urgente solicitamos mediante comunicación
de 16 de junio de 2005 se nombre cuanto antes a la persona que deberá fungir como
Presidente del Tribunal Arbitral y se transmita el expediente a los integrantes del
mismo

En virtud de que las medidas cautelares solicitadas resultan indispensables para la
subsistencia de la materia del presente arbitraje y para asegurar la eficacia y
ejecutabilidad del laudo que en su momento se dicte, Itabo invoca lo dispuesto por el
artículo 35 del Reglamento de Arbitraje y reitera los argumentos expresados en las
comunicaciones ante referidas

Sin otro particular por el momento y agradeciendo sus atenciones, me reitero a sus
órdenes en caso de que tenga cualquier comentario o pregunta respecto del
contenido de la presente.



En la ciudad de Monterrey, NL., México a los 17 dias de junio de 2005.

Empresa Generadora de Electricidad Itabo, S.A
Por conducto de Javier L. Navarro Velasco

c.c.   Sr. Claus Von Wobeser
       Sr. Bernardo M. Cremades
       Dr. Julio Cury
       Lic. Jottin Cury hijo
       Milvio Coiscou
       Dr. Gabriel Feliz Méndez
       Lic. Luis Mosquete Pelletier



LIC. ISABEL CRISTINA MATA VELAZQUEZ
PERITO
TRADUCTOR
OFICIAL
del H. Tribunal
Superior de Justicia del
Estado de N.L. México, para
INGLES-ESPAÑOL,
ESPAÑOL-INGLES
Aut. 414/2005
Vigencia 31 ENERO 2006
Tel. 8134 9431

3