Grant Hanessian (GH-6582)
Susan R. Knox (SK-4110)
BAKER & McKENZIE LLP
805 Third Avenue
New York, New York 10022
Tel. (212) 751-5700
Fax (212) 759-9133

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
EMPRESA GENERADORA DE ELECTRICIDAD     :   05 Civ. 5004 (RMB)
ITABO, S.A. ("ITABO"),
                                       :   ECF CASE
        Plaintiff,
                                       :   SECOND DECLARATION OF
        - against -                        CARLOS RADHAMÉS
                                       :   CORNIELLE

CORPORACIÓN DOMINICANA DE EMPRESAS     :
ELÉCTRICAS ESTATALES ("CDEEE"),
                                       :
        Defendant.
------------------------------------------------------------ X

I, Carlos Radhamés Cornielle, declare as follows:

    1.     I am an attorney licensed to practice before the courts of the Dominican Republic, and I am a member of the first "Oficina de Abogados Dr. Carlos Cornielle," a law office established in Santo Domingo, Dominican Republic in 1942. As described in my Declaration dated May 25, 2005, I represent ITABO in litigation in the Dominican Republic, and I write to advise the Court of proceedings that took place in the Dominican Republic on Friday, May 27, 2005.

    2.     On Friday, May 27, 2005, attorneys for ITABO and CDEEE appeared before the Civil and Commercial Chamber of the Court of Appeal for the National District (the "Court of

NYCDMS/441223.2

Appeal") for a hearing in the case that I referred to in my Declaration dated May 25, 2005 as the "First Chamber Action." I appeared on behalf of ITABO, and Dr. Angel Monero Cordero appeared on behalf of CDEEE. The hearing lasted more than three hours.

3. The Court of Appeal had scheduled the May 27 hearing when the parties appeared before it to argue CDEEE's appeal on May 12, 2005. At the May 12 hearing, the Court of Appeal had heard arguments from ITABO and CDEEE on the subject of ITABO's motion for the Court of Appeal to decline to exercise jurisdiction on the grounds that it was not competent to hear the case and must instead permit the matter to be heard in an arbitration pursuant to the rules of the International Chamber of Commerce. The Court of Appeal had deferred its decision on that issue until its decision on the merits, and had ordered that the parties make their presentations concerning the merits on May 27, 2005.

4. As I anticipated in Paragraph 10 of my prior Declaration, ITABO appealed to the Supreme Court (Court of Cassation) the refusal of the Court of Appeals to decide the issue of its jurisdiction before hearing the parties' presentations on the merits. ITABO also filed a Demand for Suspension in the Supreme Court, seeking a stay of the proceedings in the Court of Appeal pending the appeal to the Supreme Court. The appeal and the Demand for Suspension were filed on May 25, 2005.

5. At the May 27 hearing, I sought a stay of proceedings concerning the merits. I argued that a stay should be granted (a) because Dominican procedural law no longer permits courts to delay ruling on arbitration-related challenges to their jurisdiction until the merits are heard, (b) because ITABO had filed the Demand for Suspension in the Supreme Court, and (c) because of the pendency of the New York litigation captioned on this Declaration. I also

reiterated ITABO's request that the Court of Appeal decline to exercise jurisdiction on grounds of its incompetence to hear the matter.

6. The Court of Appeal denied my request for a stay, and ordered me – twice – to proceed with making ITABO's presentation to the court concerning the merits of the case. I declined to make a presentation on the merits, explaining that I had not been authorized by ITABO to make such a presentation. ITABO did not make a presentation on the merits because so doing would jeopardize its ability to resolve the issues in arbitration – because submission of the issues to the Dominican court could be construed as a waiver or abandonment of the contractually agreed-to arbitration, and a breach of contract.

7. Because I did not make any presentation on behalf of ITABO concerning the merits of the case, the Court of Appeal entered an order finding ITABO in default on the merits. It then set forth a schedule pursuant to which the parties might submit written arguments. Specifically, it gave CDEEE 15 days (until June 13, 2005) for CDEEE to make its written submissions, followed by another 15 days (until June 28, 2005) for ITABO to make its written submissions (which, because of the default, may only address the issue of whether the court may hear the matter), and then 10 days (until July 8, 2005) for CDEEE to submit its reply, followed by 10 days (until July 18, 2005) for ITABO to submit a surreply.

8. The order entered by the Court of Appeal on May 27 was issued in formal written form this afternoon, June 2, 2005. An official copy of the document, in Spanish, is annexed hereto as Exhibit 1. I understand that New York counsel for ITABO will forward a translation of the order to the Court and to counsel for CDEEE as soon as the translation is prepared.

9. ITABO's appeal to the Supreme Court referenced in paragraph 4 is still pending, as is the Demand for Suspension filed in connection with it.

10. The Fifth Chamber Action (discussed in my Declaration of May 25, 2005) is also still pending. The parties have submitted written presentations regarding arbitrability of the dispute and the court's competence to hear it, which presentations are currently before the court.

11. In both the First Chamber Action and the Fifth Chamber Action, CDEEE has asked the court to order an embargo (seizure) of ITABO's assets. Although none of the courts involved has ordered such relief to date, a real possibility remains than an embargo might be ordered at any time. If this happens, ITABO will only receive one day's notice from CDEEE before the embargo.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 2nd, 2005.

Carlos Radhamés Cornielle



## República Dominicana
## PODER JUDICIAL

Yo, **JOHANNA VIRGINIA PÉREZ V.**, Secretaria de la Segunda Sala de la Cámara Civil y Comercial de la Corte de Apelación del Distrito Nacional, **CERTIFICO**: que en los archivos a mi cargo existe un expediente civil marcado con el No. 026-2005-00146, que contiene un acta de audiencia del tenor siguiente:

Siendo las diez y tres de la mañana (10:03 a.m.), del día veintisiete (27) del mes de mayo del año dos mil cinco (2005), **LA SEGUNDA SALA DE LA CÁMARA CIVIL Y COMERCIAL DE LA CORTE DE APELACIÓN DEL DISTRITO NACIONAL,** en funciones de Tribunal de segundo grado, compuesta por los señores Magistrados **HERMOGENES ACOSTA DE LOS SANTOS,** Presidente; **SAMUEL ARIAS ARZENO Y ROBERT PLACENCIA ALVAREZ,** Jueces Miembros, asistidos de la secretaria ad-hoc y del alguacil de estrados de turno, se constituyeron en audiencia pública para conocer de un recurso de apelación interpuesto por la CORPORACIÓN DOMINICANA DE EMPRESAS ELECTRICAS ESTATALES (CDEEE);

El Magistrado Juez Presidente, **HERMOGENES ACOSTA DE LOS SANTOS,** declaró iniciadas las audiencias y el ministerial de turno leyó el rol de audiencia correspondiente;

OÍDO: al DR. ANGEL MONERÓ CORDERO en representación de la parte recurrente, concluir in-voce de la manera siguiente: Primero: Declarar bueno y válido en cuanto a la forma el recurso de apelación; Segundo: En cuanto al fondo revocar la sentencia recurrida; Tercero: Ordenar a la empresa ITABO rendir las cuenta a CDEEE; Cuarto: Plazo de 10 días para que ITABO rinda cuentas; Quinto: Designar al juez de primera instancia comisario; Sexto: Dictar a título de medida compulsoria las disposiciones del artículo 34; Séptimo: Condenar al

1



## República Dominicana
# PODER JUDICIAL

recurrido al pago de las costas; Octavo: Plazo de 15 días para depositar motivación y justificación de conclusiones (sic);

OÍDOS: al LIC. CARLOS CORNIELLE en representación de la parte recurrida concluir in-voce de la manera siguiente: Primero: Solicitamos el sobreseimiento del recurso de apelación, en razón de que la sentencia dictada por esta Corte el 12 del mes y año en curso, en razón de que la misma fue objeto de un recurso de casación y de una demanda en suspensión, dado ello en virtud de lo que establece el artículo 12 de la ley No.3726, de fecha 1953(sic);

OÍDOS NUEVAMENTE: al DR. ANGEL MONERÓ CORDERO en representación de la parte recurrente, concluir in-voce de la manera siguiente: rechazar la solicitud de sobreseimiento por tratarse de un pedimento carente de base legal; ratificamos las conclusiones, frente al incidente de incompetencia en el sentido de que sea rechazado por improcedente, mal fundado y carente de base legal; solicitamos que se ponga en mora al recurrido para que concluya en relación al fondo, y de lo contrario que se pronuncie el defecto en su contra por falta de concluir(sic);

OÍDA A LA CORTE: la corte ordena un receso a los fines de decidir la solicitud de sobreseimiento hecha por la parte recurrida y a la cual se opuso el recurrente; La Corte reinicia la audiencia y ordena a la secretaria la lectura de la sentencia relativa al sobreseimiento, cuyo contenido es el siguiente: CONSIDERANDO: que en la audiencia celebrada el día 12/5/05, la recurrente presentó conclusiones sobre el fondo del recurso, mientras que la recurrida planteó la excepción de incompetencia; CONSIDERANDO: que en la referida audiencia el recurrente solicitó, en virtud de lo que establece el artículo 4 de la Ley 834 del 15 de julio del año 1978, la acumulación de la excepción de incompetencia con el fondo del recurso; CONSIDERANDO: que la Corte acogió el



## República Dominicana
# PODER JUDICIAL

pedimento hecho por la recurrente, y en consecuencia acumuló la excepción de incompetencia con el fondo del recurso; CONSIDERANDO: que en aplicación de lo que dispone el citado artículo 4 de la también citada Ley 834, la Corte fijó la audiencia del día de hoy, a los fines de que las partes presenten conclusiones sobre el fondo del recurso; CONSIDERANDO: que en la audiencia del día de hoy la recurrida ha solicitado el sobreseimiento, en lo cual se ha opuesto el recurrente; CONSIDERANDO: que la solicitud de sobreseimiento se fundamente, en la interposición de un recurso de casación contra la referida sentencia el día 12/05/05, así como en la correspondiente demanda en suspensión; CONSIDERANDO: que en virtud del artículo 12 de la Ley sobre procedimiento de casación No.3726, la demanda en suspensión de la sentencia recurrida en casación produce la suspensión inmediata; CONSIDERANDO: que, sin embargo, dado que la sentencia dictada por esta Corte se limita a ordenar una medida de instrucción de justicia, el artículo 12 de la citada ley sobre procedimiento no se aplica, ya que de la ejecución referida de la sentencia no puede derivarse un perjuicio material; CONSIDERANDO: que el citado artículo 12 lo que persigue es evitar los daños que la ejecución de una sentencia condenatoria pueda causar a una de las partes, situación que no es la de la especie; Por tales motivos y en virtud de lo dispuesto por el artículo 4 de la Ley 834, del 15 de julio del 1978 y el artículo 12 de la ley 3726, sobre procedimiento de casación, La Corte; Falla: Primero: Rechaza la solicitud de sobreseimiento hecho por la parte recurrida; Segundo: Se pone en mora al recurrido para que concluya sobre el fondo, en cumplimiento de la decisión dictada el 12/05/05; (sic);

OÍDOS NUEVAMENTE: al LIC. CARLOS CORNIELLE en representación de la parte recurrida concluir in-voce de la manera siguiente: solicitamos nuevamente el sobreseimiento del presente recurso de apelación, fundamentado en la existencia de un apoderamiento de la misma demanda, por ante un tribunal de la ciudad de new york(sic);



## República Dominicana
# PODER JUDICIAL

OÍDOS NUEVAMENTE: al DR. ANGEL MONERÓ CORDERO, en representación de la parte recurrente, concluir in-voce de la manera siguiente: nos oponemos enérgicamente al nuevo sobreseimiento solicitado, por improcedente, carente de base legal e improcedente a todas luces, por lo que al rechazarlo solicitamos a la honorable corte pronunciar el defecto contra el recurrido por falta de concluir; ratificamos conclusiones leídas, así como las conclusiones de acumulación; solicitamos que sea descartado de los debates, en virtud de lo que establece el articulo 52 de la ley 834 del 15 julio de 1978, el acto No. 147/2005, contentivo de la notificación del apoderamiento del tribunal de Nwe York, por pretenderse depositar después de haberse presentado conclusiones sobre el fondo; plazo de 15 días para ampliar conclusiones y escrito de réplica(sic);

OÍDA A LA CORTE: Se rechaza el pedimento de la parte recurrente relativo a que se descarte de los debates el acto No.147/2005, del 27 de mayo del 2005, en razón de que el mismo le fue notificado y además produjo conclusiones a dicho acto; Se rechaza el pedimento de sobreseimiento en razón de que el hecho de que un tribunal extranjero esté apoderado del mismo asunto, no es causa suficiente para que un tribunal dominicano sobresea, sobre todo en la especie en la cual el tribunal dominicano fue apoderado con anterioridad y además ante este tribunal se está discutiendo, precisamente, la competencia del referido tribunal extranjero. Se pone nuevamente en mora a la recurrida a los fines de que presente conclusiones sobre el fondo(sic);

OÍDO NUEVAMENTE: al LIC. CARLOS CORNIELLE en representación de la parte recurrida concluir in-voce de la manera siguiente: librar acta de que el poder ad-litem sólo me faculta para presentar conclusiones relativa a la incompetencia, lo cual me impide concluir en relación al fondo(sic);



## República Dominicana
# PODER JUDICIAL

### LA CORTE ORDENA:

Se pronuncia el defecto por falta de concluir contra la recurrida, en razón de que su abogado constituido, aún estando en presente en esta audiencia y aún la Corte haberlo puesto en mora en varias ocasiones, se ha negado de manera expresa a presentar conclusiones, fundamentándose en una causa que este tribunal considera injustificada; dicha causa consiste en la ausencia de poder para concluir sobre el fondo; Sobre aceptarse como válida la referida causa, se pondría a depender de la administración de justicia fue una de las partes interesadas en el proceso, lo cual sería nefasto y dañino; Se le concede un plazo de 15 días para escrito justificativo de conclusiones, vencido este se le concede un plazo igual a la recurrida para los mismos fines, igualmente se le concede un plazo de 10 días al recurrente para un escrito de réplica, finalmente un plazo igual a la recurrida para un escrito de contrarréplica; Fallo reservado sobre excepción de incompetencia y fondo (sic);

La presente certificación, se expide, firma y sella, a solicitud del LIC. CARLOS RADHAMÉS CORNIELLE M., en Santo Domingo, Distrito Nacional, capital de la República Dominicana, hoy día dos (02) del mes de junio del año dos mil cinco (2005);

JOHANA VIRGINIA PÉREZ V.
SECRETARIA

SAHIRA MANZANO
Secretaria ad-hoc

LIQUIDACIÓN FISCAL:
POR BÚSQUEDA............RD$0.50
POR CERTIFICACIÓN......RD$1.00
POR FOJAS (06)............RD$1.20
TOTAL..........................RD$3.70



Baker & McKenzie LLP
805 Third Avenue
New York, New York 10022, USA

Tel: +1 212 751 5700
Fax: +1 212 759 9133
www.bakernet.com

BAKER & MCKENZIE

Asia
Pacific
Bangkok
Beijing
Hanoi
Ho Chi Minh City
Hong Kong
Jakarta
Kuala Lumpur
Manila
Melbourne
Shanghai
Singapore
Sydney
Taipei
Tokyo

Europe &
Middle East
Almaty
Amsterdam
Antwerp
Bahrain
Baku
Barcelona
Berlin
Bologna
Brussels
Budapest
Cairo
Dusseldorf
Frankfurt / Main
Geneva
Kyiv
London
Madrid
Milan
Moscow
Munich
Paris
Prague
Riyadh
Rome
St. Petersburg
Stockholm
Vienna
Warsaw
Zurich

North & South
America
Bogota
Brasilia
Buenos Aires
Calgary
Caracas
Chicago
Dallas
Guadalajara
Houston
Juarez
Mexico City
Miami
Monterrey
New York
Palo Alto
Porto Alegre
Rio de Janeiro
San Diego
San Francisco
Santiago
Sao Paulo
Tijuana
Toronto
Valencia
Washington, DC

June 3, 2005

Hon. Richard M. Berman
United States District Judge
United States Courthouse
40 Centre Street, Room 201
New York, New York 10007-1581

RE:   *Empresa Generadora de Electricidad ITABO, S.A. ("ITABO") v. Corporación Dominicana de Empresas Eléctricas Estatales ("CDEEE")*,
No. 05 CV 5004 (HMB)

Grant Hanessian
Tel: +1 212 891 3986
Fax: +1 212 310 1686
Grant.Hanessian@bakernet.com

Dear Judge Berman:

We represent plaintiff ITABO in the above-referenced matter.

Further to the parties' conference with the Court on June 1 (the "Conference"), ITABO hereby moves to compel defendant CDEEE to arbitrate its disputes with ITABO in the arbitration currently proceeding in New York under the Rules of the International Chamber of Commerce (the "New York Arbitration"). In addition, we respectfully submit to the Court the Second Declaration of Carlos Radhamés Cornielle dated July 2, 2005 (Exhibit A to this letter), describing the First Chamber Action proceedings which took place in the Dominican Republic on Friday, May 27, 2005.

### Motion to Compel Arbitration

ITABO moves, pursuant to 9 U.S.C. §§ 206 and 303 and Article II of the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("New York Convention"), codified at 9 U.S.C. §§ 201-208, for an order compelling CDEEE to submit to the New York Arbitration its disputes with ITABO currently pending in courts in the Dominican Republic.

As described in ITABO's complaint, CDEEE has commenced and is pursuing actions against ITABO in Dominican courts concerning disputes within the arbitration agreements between the parties. By failing and refusing to resolve these disputes exclusively in arbitration, CDEEE is in breach of its agreement to arbitrate.

As described in the First and Second Declarations of Carlos Radhamés Cornielle dated May 25, 2005 and June 2, 2005, respectively, CDEEE has brought two actions against ITABO in the Dominican Republic.

As described in the Declaration of Javier Navarro-Velasco dated May 25, 2005 ("Navarro-Velasco Declaration"), ITABO has commenced an arbitration under the Rules of Arbitration of the International Chamber of Commerce (ICC Rules), in accordance with the arbitration agreements between the parties, which provide that the parties will "settle their disputes through international arbitration, pursuant to [ICC Rules], and under New York laws." Article 14(1) of the ICC Rules provides that "The place of the arbitration shall be fixed by

the [ICC] Court unless agreed upon by the parties." By letter dated May 18, 2005, annexed as Exhibit 5 to the Second Declaration of Giselle Marie Leger dated June 1, 2005, the ICC established New York, New York as the seat of the arbitration.

As described in the Navarro-Velasco Declaration, CDEEE has failed to assert in the New York Arbitration the claims it asserts in the two Dominican actions. Indeed, CDEEE has not brought any substantive claims against ITABO in the New York Arbitration. In its Answer in the New York Arbitration, CDEEE asserts that its claims against ITABO are not within the arbitration agreements between the parties. Navarro-Velasco Declaration, ¶¶ 24-26.

For the reasons set forth in ITABO's Memorandum of Law in Support of ITABO's Motion for Interim Relief in Aid of Arbitration and in Support of an Order to Show Cause dated May 25, 2005, at pages 11-12, this Court should enjoin CDEEE from continuing to participate in the Dominican proceedings pending a determination by the arbitrators in the New York Arbitration of the disputes between the parties properly subject to the New York Arbitration. *See Contec Corp. v. Remote Solution Co.*, 398 F.3d 205, 209 (2d Cir. 2005).

However, in the event, and to the extent, that this Court determines that this Court, and not the arbitration tribunal, is required to make a determination as to the arbitrability of CDEEE's claims against ITABO under *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944, 131 L.Ed.2d 985, 115 S.Ct. 1920 (1995), ITABO respectfully requests that the Court compel CDEEE to arbitrate its claims in the New York Arbitration.

### Second Declaration of Carlos Radhamés Cornielle

Annexed hereto as Exhibit 1 is the Second Declaration of Carlos Radhamés Cornielle dated June 2, 2005 ("Second Cornielle Declaration"). Dr. Cornielle is attorney for ITABO in the First Chamber Action. Dr. Cornielle states that on Friday, May 27, 2005 attorneys for ITABO and CDEEE appeared before the Civil and Commercial Chamber of the Court of Appeal for the National District (the "Court of Appeal") for a hearing in the First Chamber Action.

At this hearing the Court of Appeal denied ITABO's request for a stay of the proceedings pending a determination of ITABO's motion that the Dominican courts were not competent to hear the matter in light of the parties' agreement to arbitrate, and ordered ITABO to proceed to trial on the merits of the case. ITABO declined to submit evidence on the merits so as not to waive its rights to arbitrate its disputes with CDEEE. The Court of Appeal then entered an order finding ITABO in default on the merits and established a schedule for the parties to submit written arguments. The briefing will be completed on July 18, 2005. ITABO's submission is limited to the issue of whether the court may hear the matter; CDEEE may submit papers regarding the merits of the dispute as well as the arbitrability question. The order entered by the Court of Appeal on May 27 was made available only yesterday, and is annexed to Second Cornielle Declaration in the original Spanish; a certified

English translation of the order (and of other papers previously submitted to the Court in the original Spanish) will be provided to the Court as soon as possible.

Respectfully submitted,

Grant Hanessian

cc:  Steven Gerber, Esq.
     Hugo Chaviano, Esq.