

# BAKER & McKENZIE

Baker & McKenzie LLP
805 Third Avenue
New York, New York 10022, USA

Tel: +1 212 751 5700
Fax: +1 212 759 9133
www.bakernet.com

Grant Hanessian
Tel: +1 212 891 3986
Fax: +1 212 310 1686
Grant.Hanessian@bakernet.com

**MEMO ENDORSED**

The first step is the filing of this letter. The second is a brief (2-3 pp) response by CDEEE by 8/2/05. The third is a conference on a date set by counsel in consultation with the Court. Deputy.

SO ORDERED
Richard M. Berman
7/26/05
Richard M. Berman, U.S.D.J.

RECEIVED JUL 2 6 2005 CHAMBERS OF RICHARD M. BERMAN U.S.D.J.

Via Hand Delivery

July 25, 2005

Hon. Richard M. Berman
United States District Judge
United States Courthouse
500 Pearl Street, Room 650
New York, New York 10007

RE: *Empresa Generadora de Electricidad ITABO, S.A.* ("ITABO") v. *Corporación Dominicana de Empresas Eléctricas Estatales* ("CDEEE"),
No. 05 CV 5004 (HMB)

Dear Judge Berman:

We represent plaintiff ITABO in the above-referenced matter. We write to request a pre-motion conference in connection with ITABO's motion for reconsideration or reargument of the Decision and Order of this Court dated July 18, 2005 ("Decision") denying ITABO's motion to enjoin Corporación Dominicana de Empresas Eléctricas Estatales ("CDEEE") from pursuing litigation against ITABO in the Dominican courts. Reconsideration is appropriate in this case because this Court overlooked certain matters material to its decision to decline to enjoin the proceedings in the Dominican Republic.

First, the Court appears to have overlooked, or misunderstood, the relationship between the litigation in the Dominican Republic and the New York arbitration. The Court held that ITABO did not establish "that it will lose its arbitration rights even if it were to comply with some (future) Dominican court order." Decision, p. 15. Respectfully, this is not, and cannot be accurate, for the following reasons.

If the Dominican courts grant CDEEE the equitable relief it has requested on the merits of the dispute, and ITABO complies with such an order[s], CDEEE will take physical possession of ITABO's books and records, and will make such use of them as it will.

Asia Pacific
Bangkok
Beijing
Hanoi
Ho Chi Minh City
Hong Kong
Jakarta
Kuala Lumpur
Manila
Melbourne
Shanghai
Singapore
Sydney
Taipei
Tokyo

Europe & Middle East
Almaty
Amsterdam
Antwerp
Bahrain
Baku
Barcelona
Berlin
Bologna
Brussels
Budapest
Cairo
Dusseldorf
Frankfurt / Main
Geneva
Kyiv
London
Madrid
Milan
Moscow
Munich
Paris
Prague
Riyadh
Rome
St. Petersburg
Stockholm
Vienna
Warsaw
Zurich

North & South America
Bogota
Brasilia
Buenos Aires
Calgary
Caracas
Chicago
Dallas
Guadalajara
Houston
Juarez
Mexico City
Miami
Monterrey
New York
Palo Alto
Porto Alegre
Rio de Janeiro
San Diego
San Francisco
Santiago
Sao Paulo
Tijuana
Toronto
Valencia
Washington

ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/26/05

Baker & McKenzie LLP is a member of Baker & McKenzie International, a Swiss Verein.

Although the ICC arbitration can continue, *the arbitration proceedings will not have any practical effect, since CDEEE will already have received ultimate relief on the merits.*

Moreover, the Court may have facilitated such a result by incorrectly suggesting that the Dominican judgment can be pled as *res judicata* in the ICC arbitration. Decision, p. 16 (*quoting Laker Airways Ltd. v. Sabena*, 731 F.2d 909, 926-27 (D.C. Cir. 1984), a case that did not involve arbitration rights). The Court's reference to the potential *res judicata* effect of a Dominican judgment is inconsistent with the Court's holding that issues of arbitrability should "be decided by the arbitrators." Decision, p. 11.

ITABO knows of no case that holds that adjudication by a foreign court of the arbitrability or the merits of an arbitrable dispute subject to New York law may have preclusive effect on arbitrators or a New York court. In its discussion of comity principles (Decision, page 16), the Court cited a single decision concerning parallel proceedings involving an arbitration and a litigation: *Paramedics Electromendicina Comercial, Ltda. v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 654-55 (2d Cir. 2004). In *Paramedics*, of course, the Second Circuit affirmed a district court decision *enjoining* a foreign litigation in order to enforce the parties' arbitration agreement, the result that ITABO seeks here.

If this Court does not enjoin CDEEE from participating in the Dominican litigation until the arbitrators have determined the arbitrability of the dispute – and particularly if this Court gives *res judicata* effect to a Dominican decision on arbitrability or on the merits – the parties' agreement to arbitrate will have been rendered meaningless, not only by the Dominican courts, but by this Court.

Second, the Court stated that any harm to ITABO is "speculative" since the Dominican courts have not yet rendered a decision. Decision, p. 15. However, the Court did not discuss, and seemingly overlooked, the authorities submitted by ITABO holding that loss of arbitration rights itself is irreparable injury. Pl.Rep., p. 5, n.7; *see, e.g., Reliance*

*Nat'l Ins. Co. v. Seismic Risk Ins. Servs.*, 962 F. Supp. 385, 391 (S.D.N.Y. 1997) ("Reliance will suffer irreparable harm if it is if it is deprived of its federal and state contractual right to arbitrate its disputes").

Third, the Court's Decision also appears to state that ITABO sought relief both too soon – *i.e.*, the harm is speculative – and too late. Respectfully, the Court apparently overlooked the fact that not until May 12, 2005 – when the Dominican appellate court in the First Chamber Action first required the parties to submit evidence on the merits of the dispute – did it become evident that the Dominican courts would not enforce the New York Convention and refer the parties to arbitration. The Court also apparently overlooked the fact that not until May 18, 2005 – when the ICC established New York as the situs of the arbitration – was there a basis for jurisdiction over CDEEE in this Court. This action was commenced on May 26, 2005.

Neither of the cases cited by the Court regarding delay concern arbitration rights or apply to this matter. *See Tough Traveler v. Outbound Prods.*, 60 F.3d 964, 968 (2d Cir. 1995) (plaintiff alleging trademark infringement did not move sufficiently quickly to enjoin sales of allegedly infringing goods and thereby lost presumption of irreparable injury afforded by trademark law); *Plessy Co. PLC v. Gen. Elec. Co. PLC*, 628 F.Supp. 477, 500 (D. Del. 1986) (court emphasized that plaintiffs' claim failed on the merits, which is not the case here).

ITABO therefore respectfully requests permission to move for reconsideration of the Decision and Order of this Court dated July 18, 2005.

Respectfully submitted,

Grant Hanessian

cc:   Steven Gerber, Esq. (Via Facsimile)
      Hugo Chaviano, Esq. (Via Facsimile)