# ADORNO & YOSS LLP
## ATTORNEYS AT LAW

B. SETH BRYANT*
STEVEN GERBER*
PATTI A. SCOTT*
-------------
RICHARD P. WEISS*☐
OF COUNSEL
N. NOELLE LETCHER*
ROXANNE DEFRANCESCO*

*ALSO MEMBER OF NEW JERSEY BAR

80 BROAD STREET
32ND FLOOR
NEW YORK, NEW YORK 10004

TELEPHONE 212.809.5700
FACSIMILE 212.809.5701
WEBSITE: HTTP://WWW.ADORNO.COM

PLEASE REPLY TO:
NEW JERSEY OFFICE

NEW JERSEY OFFICE
155 WILLOWBROOK BOULEVARD
SUITE 300
WAYNE, NEW JERSEY 07470-7038
TELEPHONE 973.256.9000
FACSIMILE 973.256.9001

August 1, 2005

*VIA E-FILING AND FEDERAL EXPRESS*
Honorable Richard M. Berman, U.S.D.J.
United States District Court
for the Southern District of New York
US Courthouse, 40 Centre Street, Room 201
New York, New York 10007-1581

    Re:    Empresa Generadora de Electricidad ITABO, S.A. ("ITABO") v. Corporacion Dominicana de Empresas Electricas Estatales ("CDEEE")
           Civil Action No. 05-cv-5004

Dear Judge Berman:

As Your Honor will recall, we represent defendant CDEEE in the above-referenced matter. Pursuant to this Court's endorsed Memo Order entered July 26, 2005, CDEEE respectfully submits this letter in opposition to plaintiff ITABO's request for permission to move for reconsideration of the Decision and Order of this Court dated July 18, 2005 (the "Decision").

Motions for reconsideration are governed by Local Civil Rule 6.3 and are committed to the sound discretion of the district court. *AT & T Corp. v. Microsoft Corp.*, No. 01 Civ. 4872, 2004 WL 309150 (S.D.N.Y. 2004). Local Civil Rule 6.3 requires that plaintiff "set forth the matters or controlling decisions which counsel believes the court has overlooked." "[R]econsideration will be denied unless the decisions or data relied upon might reasonably be expected to alter the conclusion reached by the court." *Metropolitan Opera Ass'n v. Local 100, Hotel Employees and Restaurant Employees Inter. Union*, No. 00 Civ. 3613, 2004 WL 1943099 (S.D.N.Y. 2004)(citations omitted).

Reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys., Inc. Secs. Litig.*, 113 F.Supp.2d 613, 614 (S.D.N.Y. 2000)(quotation marks and citation omitted). A motion for reconsideration is not a

substitute for an appeal. *RMED Int'l Inc. v. Sloan's Supermarkets, Inc.*, 207 F.Supp.2d 292, 296 (S.D.N.Y. 2002). Nor is it a vehicle "to reargue those issues already considered when a party does not like the way the original motion was resolved." *In re Houbigant, Inc.*, 914 F.Supp. 997, 1001 (S.D.N.Y. 1996).

In support of its request, plaintiff contends that the Court "overlooked, or misunderstood, the relationship between the litigation in the Dominican Republic and the New York Arbitration." Plaintiff's Letter to Hon. Richard M. Berman, dated July 25, 2005, p. 1 (hereinafter "Pl."). Plaintiff argues, as it did in its moving and reply papers (all of which were carefully considered by the Court), that if the Dominican Republic's courts grant CDEEE the equitable relief it has requested and ITABO complies with such an order, CDEEE will take possession of ITABO's books and records and ITABO's right to arbitration would be rendered meaningless. Pl. 1-2.

Contrary to ITABO's contention, the Court did not overlook or misunderstand the relationship between the Dominican Republic's court proceedings and the International Chamber of Commerce arbitration (the "ICC Arbitration"), in which CDEEE has appeared. In fact, the Court devoted more than four pages of a seventeen-page decision to describing the Dominican Republic actions and the ICC Arbitration. The Court clearly understood (and properly rejected) plaintiff's argument -- that if ITABO fails to comply with an order issued by the Dominican Republic courts in favor of CDEEE, plaintiff fears the loss of its assets, and if it complies, it fears the loss of its right to arbitrate. See Decision, pp. 3-7, 14.

ITABO's argument that was soundly and squarely rejected by the Court on the grounds that plaintiff has not met its burden of establishing irreparable harm. The Court correctly reasoned that ITABO lost the presumption of irreparable harm when if failed to timely file for arbitration, that the harm ITABO poses is speculative, and that ITABO failed to establish that it will lose its arbitration rights even if it were to comply with some future Dominican Republic court order. Decision, pp. 14-15.

Second, there was no need for the Court to specifically address the cases cited by plaintiff in its moving papers, regarding plaintiff's claim that the loss of arbitration rights itself is irreparable injury. Pl.2. The Court correctly concluded that CDEEE has <u>not</u> refused to participate in the ICC Arbitration,

and that ITABO failed to establish the loss of its arbitration rights, Decision, pp. 13-15. Further discussion in the Decision of the cases cited by plaintiff would have been superfluous and would not have altered the Court's decision.

Finally, ITABO mistakenly contends that the Court "overlooked" that (a) it was not until May 12, 2005 that it became clear that the Dominican Republic courts would not enforce the New York Convention and refer the parties to arbitration, and (b) it was not until May 18, 2005 that there was a basis for jurisdiction over CDEEE in this Court. One and perhaps a primary basis for the Court's correct conclusion that ITABO lost any "presumption" of irreparable harm when it failed to timely file for arbitration was the fact that plaintiff waited nearly ten months after CDEEE initiated the Dominican Republic judicial proceedings before ITABO commenced the ICC Arbitration. Decision, p. 14.

In sum, plaintiff points to no controlling decisions or factual matter that this Court overlooked, or to anything else that might reasonably be expected to alter the Court's Decision. Rather, dissatisfied with the Court's ruling, ITABO improperly seeks a second bite at the apple under the guise of reconsideration. For the reasons discussed above, plaintiff's judicial remedy is appellate review, not a motion for reconsideration.

Respectfully submitted,

ADORNO & YOSS LLP

By /s/ Steven Gerber
Steven Gerber (SG 5881)

cc:   Grant Hanessian, Esq. (via ECF filing and facsimile)
      Hugo Chaviano, Esq. (via facsimile)