UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
EMPRESA GENERADORA DE ELECTRICIDAD :
ITABO, S.A. ("ITABO"),                              :
                                                    :
               Plaintiff,                      :        05 Civ. 5004 (RMB)
                                                    :
     -against-                                    :
                                                    :        **ORDER DENYING**
CORPORACIÓN DOMINICANA DE EMPRESAS :        **RECONSIDERATION**
ELÉCTRICAS ESTATALES ("CDEEE")                      :
                                                    :
               Defendant.                      :
------------------------------------------------------------------X

**I.      Background**

By Decision and Order, dated July 18, 2005 ("Order"), the Court denied Empresa Generadora de Electricidad ITABO, S.A.'s ("Plaintiff" or "ITABO") "motion to compel arbitration and to enjoin . . . litigation against ITABO [by Corporación Dominicana de Empresas Eléctricas Estatales ("Defendant" or "CDEEE")] in the Dominican courts." (Order at 17.) The Order found that "any harm to ITABO is speculative at this point." (Id. at 16.) By letter dated July 25, 2005, Petitioner requested reconsideration of the Order, pursuant to Local Civil Rule 6.3 of the Southern District of New York. (Letter from Grant Hanessian to the Court, dated July 25, 2005 ("Hanessian Letter").) By letter dated August 1, 2005, CDEEE opposed reconsideration of the Order.[1] (Letter from Steven Gerber to the Court, dated August 1, 2005 ("Gerber Letter").)

**For the reasons set forth below, ITABO's motion for reconsideration is denied.**

---

[1] By letter dated August 4, 2005, the parties consented to allow the Court to decide the motion for reconsideration on the basis of the letters previously submitted. (Letter from Grant Hanessian to the Court, dated August 4, 2005.)

**II.     Legal Standard**

A motion for reconsideration may be granted where "the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). A reconsideration motion is "not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved." In re Houbigant, Inc., 914 F. Supp. 997, 1001 (S.D.N.Y. 1996); see also Energy Transp., Ltd. v. M.V. San Sebastian, No. 03 Civ. 4193, 2005 U.S. Dist. LEXIS 3636, at **6-8 (S.D.N.Y. Mar. 9, 2005).

**III.    Analysis**

ITABO argues that the Court (i) "appears to have overlooked, or misunderstood, the relationship between the litigation in the Dominican Republic and the New York arbitration," (ii) "did not discuss, and seemingly overlooked, the authorities submitted by ITABO holding that loss of arbitration rights itself is irreparable injury," and (iii) "appears to state that ITABO sought relief both too soon – i.e., the harm is speculative – and too late." (Hanessian Letter at 1-3.) CDEEE responds that the Court (i) "did not overlook or misunderstand the relationship between the Dominican Republic's court proceedings and the [New York arbitration]"; (ii) "correctly concluded that . . . ITABO failed to establish the loss of its arbitration rights;" and (iii) "correct[ly] conclu[ded] that ITABO lost any 'presumption' of irreparable harm when it failed to timely file for arbitration." (Gerber Letter at 1-3.)

The Court perceives no basis for reconsideration of the Order. See Shrader, 70 F.3d at 257. The parties have presented no new or overlooked controlling facts or law. Among other things, CDEEE has participated in the New York arbitration since its inception on or about

2

February 8, 2005. See id.; Phoenix Aktiengesellschaft v. Ecoplas, Inc., 391 F.3d 433, 437 (2d Cir. 2004) ("It is doubtful that a petition to compel filed before the 'adverse' party has refused arbitration would present an Article III court with a justiciable case or controversy in the first instance.") (citing Painewebber Inc. v. Faragalli, 61 F.3d 1063, 1067 (3d Cir. 1995)); see also Hartford Accident & Indem. Co. v. Equitas Reins, Ltd., 200 F. Supp. 2d 102, 208 (D. Conn. 2002) ("If the adverse party has not refused to arbitrate . . . there is no reason for court involvement in the first place.").

## IV.    Conclusion

For the reasons stated in the Order and herein, ITABO's motion for reconsideration is denied.

Dated: New York, New York
August 4, 2005

*Richard M. Berman*

**Richard M. Berman, U.S.D.J.**

3